**Donnie Mac JASPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–82–0025–CR.**

Court of Appeals of Texas, Tyler.

March 3, 1983.

Ardon Moore, Tyler, for appellant.

Mr. Jack Skeen, Jr., Dist. Atty., Tyler, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction for the offense of burglary of a habitation enhanced by two prior convictions for burglary. The jury found the defendant guilty and that the allegations of prior convictions were true. Appellant's punishment was assessed at life imprisonment.

Appellant's ground of error asserts that the trial court erred in admitting into evidence, over appellant's objections, testimony as to appellant's fingerprints, State's

Exhibit 1 (a fingerprint card containing his fingerprints), and the "Pen-Pacs" (State's Exhibits 2 and 3) which were connected to appellant by use of the fingerprints. He contends the admission of such evidence was in violation of appellant's rights under the Sixth and Fourteenth Amendments of the United States Constitution, Article I, Section 10 of the Texas Constitution and Article 1.05, V.A.C.C.P.

We affirm the judgment of conviction.

Lt. Collard, Supervisor of the Identification Division of the Tyler Police Department, testified: that he had been employed by the police department over 13 years; that he is a certified latent examiner and part of his duties is the taking and analysis of fingerprints and comparison of one fingerprint with another fingerprint to determine whether they were made by one and the same person; that on the day the trial entered the punishment phase he took the appellant's fingerprints (shown by State's Exhibit No. 1), compared them with the fingerprints on the cards in the "pen-packets" (State's Exhibits Nos. 2 and 3) of appellant's two prior convictions, and in his opinion the fingerprints were made by the same person—appellant Donnie Mac Jasper whom he identified in court. Under cross-examination by appellant's counsel, Lt. Collard further testified that he took appellant's fingerprints in the Smith County Jail; that appellant's attorney, whom he knew, did not give him permission to take the prints and was not present when the prints were taken; and in response to the question, "Did Defendant himself attempt to sign any waiver or do anything waiving any constitutional rights guaranteed to him by law or the Constitution?", stated "No, sir, not with me."

Appellant objected to the admission into evidence of the testimony as to appellant's fingerprints and State's Exhibits 1, 2 and 3 during the punishment phase of the trial on the basis that such evidence violated the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Texas Constitution. This objection was overruled by the trial court.

Appellant complains that the fingerprints were taken when the appellant was in jail, that the fingerprints were taken in the absence of and without the permission of his counsel, and that appellant did nothing to waive any of his legal rights. Although appellant recognizes that Texas Courts have "consistently thrown out Fifth Amendment objections to fingerprint evidence," he contends that the taking of his prints, in the absence of his counsel, was a deprivation of his right to have the assistance of counsel for his defense, as guaranteed by the Sixth Amendment.

In *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, the Supreme Court stated that as long ago as *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), a constitutional principle was established as to the right of the defendant to have assistance of counsel, in addition to counsel's presence at trial, at any other stage of the proceedings where counsel's absence might derogate from the accused's right to a fair trial. Further, the Supreme Court said that the principle of *Powell* calls upon us, in any pretrial confrontation, to analyze whether substantial prejudice to appellant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice. The court, in *Wade,* then drew a clear-cut distinction between pretrial confrontations such as *line-ups* and scientific and technological matters such as *fingerprints,* stating:

> The Government characterizes the line-up as a mere preparatory step in the gathering of the prosecution's evidence, not different—for Sixth Amendment purposes from various other preparatory steps, such as systematized or scientific analyzing of the accused's fingerprints, blood sample, clothing, hair and the like. *We think there are differences which preclude such stages being characterized as critical stages at which the accused has the right to the presence of his counsel.* Knowledge of the techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportu-

nity for a meaningful confrontation of the Government's case at trial through the ordinary processes of cross-examination of the Government's expert witnesses and the presentation of the evidence of his own experts. *The denial of a right to have his counsel present at such analyses does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial.* (Emphasis added.)

Further, the taking of fingerprints is analogous to that of taking handwriting examplars, the act complained of in *Gilbert v. State of California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), wherein the Supreme Court held that there is minimal risk that the absence of counsel might derogate from defendant's right to a fair trial. In *Gilbert,* the Court applied the rule of *Wade, supra,* in finding that the taking of the exemplars was not a "critical" stage of the criminal proceedings entitling petitioner to the assistance of counsel and stated that "If, for some reason an unrepresentative exemplar is taken, this can be brought out and corrected through the adversary process at trial since the accused can make an unlimited number of additional exemplars for analysis and comparison by government and defense handwriting experts."

Applying the rule in *Wade* and *Gilbert* in the instant case, we conclude that the appellant had the opportunity for a meaningful confrontation of the State's case at trial through the ordinary processes of cross-examination of the State's expert fingerprint witness and opportunity of presentation of evidence of his own experts. Moreover, as noted in *Wade* and *Gilbert,* the taking of the fingerprints was not a "critical" stage of the proceedings since there was a minimal risk that his counsel's absence might derogate from his right to a fair trial. In view of the foregoing we hold the absence of his counsel at the taking of his fingerprints did not violate his Sixth Amendment rights.

That part of appellant's ground of error asserting a violation of the Fourteenth Amendment of the United States Constitution, Article I Section 10 of the Texas Constitution and Article 1.05, V.A.C.C.P. is not briefed and does not comply with art. 40.-09(9), V.A.C.C.P., and presents nothing for review. *Williams v. State,* 504 S.W.2d 477, 483 (Tex.Cr.App.1974); *Casey v. State,* 475 S.W.2d 920, 922 (Tex.Cr.App.1972); *Garza v. State,* 627 S.W.2d 520, 522 (Tex.App.—Corpus Christi 1982, no P.D.R.). Appellant's ground of error is overruled.

The judgment is affirmed.