**Julious Thomas ROSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-85-00787-CR.**

Court of Appeals of Texas, Dallas.

May 20, 1986.

Rehearing Denied June 16, 1986.

Walter L. Irvin, Dallas, for appellant.

Michael A. Klein, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and HOLLINGSWORTH, JJ.

AKIN, Justice.

Julious Thomas Rose was convicted of aggravated sexual assault and sentenced to sixty years' imprisonment. He appeals, contending in four grounds of error: (1) that the trial court erred in allowing complainant's in-court identification of appellant; (2) that the trial court erred in permitting the testimony of two employees of the Southwestern Institute of Forensic Science because their testimony contained hearsay opinions that were prejudicial to appellant; (3) that the trial court committed fundamental error in allowing the State to obtain blood and saliva samples from appellant without affording him the opportunity to have his attorney present when the samples were taken; and (4) that the evidence

is insufficient to sustain the conviction. Finding no merit in any of appellant's contentions, we affirm the judgment of the trial court.

■ Appellant first contends that the trial court erred in allowing complainant's in-court identification of him. Appellant, however, did not object to the in-court identification. In the absence of an objection, no error is presented for review. *Daniel v. State,* 668 S.W.2d 390, 393 (Tex.Crim.App. 1984).

■ Next, appellant contends that the trial court erred in permitting the testimony of two employees of the Southwestern Institute of Forensic Science because their testimony contained hearsay opinions that were prejudicial to him. Initially, we note that only one of the employees actually testified at trial. The only objection lodged by appellant during this witness's testimony was that one of the prosecutor's questions was leading. An objection raised on appeal will not be considered if it varies from the objection urged at trial. *Euziere v. State,* 648 S.W.2d 700, 703 (Tex.Crim. App.1983).

Next, appellant contends that the trial court committed fundamental error in "allowing" the State to obtain blood and saliva samples from him without affording him the opportunity to have his attorney present when the samples were taken. We note that although appellant complains of the absence of his attorney in this ground of error, his arguments relating to this ground instead assert that "it was fundamental error for the Court to receive the evidence obtained as a result of the search warrant dated April 24, 1985" because the search warrant was "based on hearsay." Because we find no error in the trial court's actions, we need not address the question of whether proper objection was required to preserve the alleged error.

■ We shall address both of appellant's contentions. The contention actually argued in this ground of error is that the trial court erred in admitting the blood and saliva samples because the search warrant which authorized the taking of the samples was based on an affidavit containing hearsay. We cannot agree with this contention. It is clear that a search warrant may issue for a defendant's blood sample. *Gentry v. State,* 640 S.W.2d 899, 902–03 (Tex.Crim. App.1982). Hearsay, or even hearsay-upon-hearsay, may be used to show probable cause for the issuance of a search warrant so long as the underlying circumstances indicate that there is a substantial basis for crediting the hearsay. *Hennessy v. State,* 660 S.W.2d 87, 91 (Tex.Crim.App. 1983). We have reviewed the affidavit of Brian Galindo, an investigator for the Dallas County District Attorney's Office, which was filed in support of the State's request for a search warrant, and conclude that there exists a substantial basis for crediting the hearsay information contained therein. Accordingly, we reject appellant's contention.

■ We now turn to appellant's contention that the trial court erred in "allowing" the State to obtain blood and saliva samples from him without giving him the opportunity to have his attorney present when the samples were taken in contravention of his Sixth Amendment right to counsel. We find no merit in this contention. We recognize that, because the search warrant was obtained and executed after appellant had been indicted for this offense, adversary judicial proceedings had begun and appellant's right to counsel had attached. *U.S. v. Gouveia,* 467 U.S. 180, 104 S.Ct. 2292, 2296, 81 L.Ed.2d 146 (1984); *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1982); *Forte v. State,* 707 S.W.2d 89, 91 (Tex.Crim.App.1986). But this does not end our inquiry. We must also decide whether the taking of blood and saliva samples is a *"critical stage* at which the accused has the right to the presence of counsel." *United States v. Wade,* 388 U.S. 218, 227, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1967) (emphasis added).

In *Wade,* the Supreme Court stated that any pretrial confrontation of the accused must be scrutinized to determine whether the presence of an attorney is necessary to

preserve the accused's right to a fair trial as affected by his right to meaningfully cross-examine the witnesses against him. We must analyze "whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." *Wade,* 388 U.S. at 227, 87 S.Ct. at 1932. This "critical stage" analysis was used in *Jasper v. State,* 649 S.W.2d 330 (Tex.App.—Tyler 1983, no pet.). In *Jasper,* the accused argued that the trial court erred in admitting into evidence his fingerprint card and the State's accompanying testimony because his fingerprints were taken in the absence of, and without the permission of, his attorney. The court held that the right to counsel had not been violated. In reaching this conclusion, the court noted that the accused "had the opportunity for a meaningful confrontation of the State's case at trial through the ordinary processes of cross-examination of the State's expert fingerprint witnesses and opportunity of presentation of evidence of his own experts." *Jasper,* 649 S.W.2d at 332. The court further noted that the taking of the fingerprints was not a critical stage of the proceedings because there was a minimal risk that the attorney's absence might derogate from the accused's right to a fair trial. *See also Wade,* 388 U.S. at 227–28, 87 S.Ct. at 1932 (preparatory steps in preparing the prosecution's case, such as analyzing fingerprints or blood samples, are not "critical stages" at which the accused has the right to presence of his counsel); *Gilbert v. California,* 388 U.S. 263, 267, 87 S.Ct. 1951, 1953, 18 L.Ed.2d 1178 (1967) (taking of handwriting samples was not a "critical stage").

▰ We adhere to the analysis employed in *Wade, Gilbert* and *Jasper* and, consequently, hold that the absence of appellant's attorney at the time the samples were taken was not a violation of appellant's right to counsel. Appellant had the right, which he exercised, to cross-examine the State's expert witnesses who testified regarding the samples. Appellant was free to call his own expert witnesses and to make his own analysis of blood and saliva samples. We find the distinction in *Wade,*

*Gilbert* and *Jasper* between confrontations and scientific or technological matters, such as fingerprints, handwriting samples, and blood and saliva samples, to be persuasive and controlling. Furthermore, because a valid search warrant had authorized the taking of the samples, appellant's attorney could not have effectively advised appellant not to submit to the taking of the samples.

▰ Finally, appellant contends that the evidence is insufficient to support his conviction. We disagree. In determining whether the evidence is sufficient, we are governed by the standard established in *Jackson v. Virginia,* 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979): "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Gardner v. State,* 699 S.W.2d 831, 836 (Tex. Crim.App.1985). Our review of the record discloses that the testimony of the complaining witness presented adequate evidence as to each of the elements of the offense. The defense presented no witnesses. Consequently, we hold that any rational trier of fact could have found each element of this crime beyond a reasonable doubt.

The judgment of the trial court is affirmed.