The STATE of Texas, Appellant,

v.

David MATA, Appellee.

No. 04–99–00923–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 23, 2000.

Raul A. Martinez, Asst. Dist. Atty., Laredo, for Appellant.

Hugo D. Martinez, Asst. Public Defender, Laredo, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: SARAH B. DUNCAN, Justice.

The State appeals the trial court's order suppressing the results of a DNA blood

test, arguing the trial court erred in holding that the request for consent to take a sample of Mata's blood was a critical stage at which Mata had the right to counsel. We agree, reverse the trial court's order, and remand the case for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

David Mata was arrested and charged with sexual assault. The trial court appointed an attorney from the Webb County Public Defender's Office to represent him. The day following Mata's examining trial, an investigator from the district attorney's office approached Mata in the county jail and requested his consent to take a blood sample, to which Mata agreed. Mata's attorney was not informed of the investigator's contact with his client. Subsequently, a grand jury indicted Mata on three felony counts of burglary of a habitation, aggravated kidnaping, and ·aggravated sexual assault. Mata filed a motion to dismiss the charges, or in the alternative, to suppress the DNA evidence, alleging the State violated his Sixth Amendment right to counsel when it sought his consent for the blood test without his counsel present. After a hearing on the motion, the trial court found the State violated Mata's constitutional rights and suppressed the blood sample and all related DNA test results, conclusions, and opinions.

### MOTION TO SUPPRESS

In its only point of error, the State argues the trial court erred in granting Mata's motion to suppress because the request for consent to take a blood sample was not a critical stage of the proceedings at which Mata was entitled to the assistance of counsel.

### *Standard of Review*

We review a trial court's ruling on a motion to suppress for abuse of discretion. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Under this standard, we view "the evidence in the light most favorable to the trial court's ruling," affording almost total deference to findings of historical fact supported by the record. *Id.* However, when the resolution of the factual issues does not turn upon an evaluation of credibility or demeanor, we review the trial court's determination of the applicable law, as well as its application of the law to the facts it has found, de novo. *Id.*

### *Discussion*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI; *see* TEX. CONST. art. 1, § 10. An accused's right to counsel attaches when the State initiates adversarial proceedings against him. *Powell v. Alabama,* 287 U.S. 45, 57, 69, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Once his right to counsel has attached, the accused is entitled to assistance of counsel at any subsequent "critical stage" of the proceedings. *See United States v. Wade,* 388 U.S. 218, 236–37, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). To determine whether a particular stage is critical, "we must scrutinize [the] pre-trial event with a view to ascertaining whether presence of counsel is necessary to assure fairness and the effective assistance of counsel at trial." *Green v. State,* 872 S.W.2d 717, 720 (Tex.Crim.App.1994); *see United States v. Ash,* 413 U.S. 300, 309, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973); *Wade,* 388 U.S. at 227, 87 S.Ct. 1926. A pretrial stage is not critical when "confrontation with counsel at trial can serve as a substitute for counsel at the pretrial confrontation." *Ash,* 413 U.S. at 316, 93 S.Ct. 2568.

Here, the State does not argue that Mata's right to counsel had not attached at the time he was asked to give consent to a blood sample. Rather, the State contends that the district attorney investigator's action in asking Mata for his consent to take a blood sample was not a critical stage of the proceedings. We agree. First, Mata's

blood sample was "virtually certain to be available to the government in due course." *United States v. Kon Yu–Leung,* 910 F.2d 33, 40 (2d Cir.1990). Indeed, neither party contends that the State would not have been able to obtain a warrant to take a sample of Mata's blood. *See id.;* TEX.CODE CRIM. PROC. ANN. art. 18.01(c), 18.02(10) (Vernon Supp.1999). Furthermore, the State, upon receiving Mata's consent to take a sample of his blood, did not uncover evidence that was not already in existence. *See Kon Yu–Leung,* 910 F.2d at 40. Finally, Mata has the ability to meaningfully confront the validity of the blood sample evidence at trial. For these reasons, we hold it was not necessary for Mata's attorney to be present during the State's request for Mata's consent to take a blood sample in order to insure a fair trial, and thus Mata's consent to the taking of a blood sample was not a critical stage of the criminal proceedings against him. *See Ash,* 413 U.S. at 315–16, 93 S.Ct. 2568; *Wade,* 388 U.S. at 226–28, 87 S.Ct. 1926; *Green,* 872 S.W.2d at 720; *cf. United States v. Hidalgo,* 7 F.3d 1566, 1570 (11th Cir.1993); *Kon Yu–Leung,* 910 F.2d at 39–40; *United States v. Shlater,* 873 F.Supp. 162, 167 (N.D.Ind.1994).

### CONCLUSION

Mata's right to counsel was not violated. Therefore, the trial court erred in suppressing evidence of the blood sample and its results. We reverse the trial court's order and remand the cause for further proceedings.