Gary Wayne HALE, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 11–05–00281–CR.

Court of Appeals of Texas,
Eastland.

March 22, 2007.

Scott L. Steele, Law Office of Scott L. Steele, San Antonio, for appellant.

Micheal Murray, District Attorney, Brownwood, for appellee.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

The jury convicted Gary Wayne Hale, Jr. of two counts of aggravated sexual assault of a child and assessed punishment at sixty years confinement for each count. The trial court sentenced appellant accordingly and ordered that the sentences run concurrently. In two points of error, appellant asserts (1) that the trial court erred in denying his motion to suppress evidence of his DNA sample and (2) that his trial counsel rendered ineffective assistance of counsel by failing to present a DNA expert witness to challenge the conclusions of the State's DNA expert. We affirm.

### Background Facts

On December 2, 2004, the State indicted appellant for two counts of aggravated sexual assault of a child. On December 8, 2004, appellant was arrested for the of-fenses. On December 9, 2004, appellant was taken before a magistrate, and the magistrate administered the warning prescribed by TEX.CODE CRIM. PROC. ANN. art. 15.17 (Vernon Supp.2006). A copy of the magistrate's warning form is in the record. In the form, appellant indicated that he wanted to request a court-appointed attorney.

Scott Martin, an investigator with the Brown County Sheriff's Department, was the sole witness at the hearing on appellant's motion to suppress. Martin testified that, on December 10, 2004, he spoke with appellant at the Brown County Jail. Martin said that he requested appellant's consent to take a saliva sample for DNA testing and that appellant consented to the taking of the sample. Martin said that he obtained a saliva sample from appellant after receiving appellant's consent. Martin also testified that, on December 10, 2004, he was unaware of appellant's earlier request for a court-appointed attorney.

### Motion to Suppress

■ In his first point of error, appellant argues that the trial court erred in denying his motion to suppress because the State obtained his DNA sample in violation of his right to counsel under the Sixth Amendment of the United States Constitution. *See* U.S. Const. amend. VI. We review a trial court's ruling on a motion to suppress using a bifurcated standard. We give almost total deference to a trial court's determination of historical facts and review de novo the trial court's application of the law. *Carmouche v. State,* 10 S.W.3d 323, 327–28 (Tex.Crim. App.2000).

■ The Sixth Amendment guarantees a criminal defendant the assistance of counsel at the initiation of adversary proceedings against him and at any subse-

quent "critical stage" of the proceedings. *Estelle v. Smith,* 451 U.S. 454, 469–70, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981); *Thompson v. State,* 93 S.W.3d 16, 23 (Tex.Crim. App.2001). Not every event following the inception of adversary judicial proceedings constitutes a "critical stage" so as to invoke the right to counsel under the Sixth Amendment. *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973); *Green v. State,* 872 S.W.2d 717, 720 (Tex.Crim.App.1994). A particular pretrial stage is "critical" only if "the accused require[s] aid in coping with legal problems or assistance in meeting his adversary." *Ash,* 413 U.S. at 313, 93 S.Ct. 2568; *Green,* 872 S.W.2d at 720. In assessing whether a particular stage is critical, "we must scrutinize [the] pre-trial event with a view to ascertaining whether presence of counsel is necessary to assure fairness and the effective assistance of counsel at trial." *Green,* 872 S.W.2d at 720. A pretrial stage is not critical when "confrontation with counsel at trial can serve as a substitute for counsel at the pretrial confrontation." *See Ash,* 413 U.S. at 316, 93 S.Ct. 2568; *State v. Mata,* 30 S.W.3d 486, 488 (Tex.App.-San Antonio 2000, no pet.).

In this cause, the State argues that the taking of the DNA saliva sample was not a critical stage of the proceedings and that, therefore, appellant was not entitled to the presence of counsel. The United States Supreme Court has held that preparatory steps in the gathering of the prosecution's evidence, such as analyzing an accused's fingerprints, blood samples, clothing, hair, and the like, are not "critical stages" at which an accused has the right to presence of counsel. *See United States v. Wade,* 388 U.S. 218, 227–28, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Similarly, courts have held that requests to obtain samples for DNA testing are not "critical stages" of the proceedings. *Mata,* 30 S.W.3d at 488–89 (defendant's consent to the taking of a blood sample for DNA testing was not a critical stage of the proceedings); *Rose v. State,* 711 S.W.2d 89, 91–92 (Tex.App.-Dallas 1986, no pet.) (taking of blood and saliva samples for DNA testing was not a critical stage of the proceedings); *see also Lemmons v. State,* 75 S.W.3d 513, 522 (Tex.App.-San Antonio 2002, pet. ref'd).

We agree with the sound reasoning of the *Mata* and *Rose* courts. The taking of appellant's saliva sample for DNA testing was not a critical stage of the proceedings; therefore, appellant was not entitled to the presence of counsel when the State obtained the saliva sample. The trial court did not err in denying appellant's motion to suppress. We overrule appellant's first point of error.

*Ineffective–Assistance–of–Counsel Claim*

■ In his second point of error, appellant argues that his trial counsel rendered ineffective assistance of counsel by failing to present a DNA expert witness. To determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Andrews v. State,* 159 S.W.3d 98 (Tex.Crim.App.2005); *Thompson v. State,* 9 S.W.3d 808 (Tex.Crim.App.1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance, and an appellant must overcome the presumption that, under the circumstances, 'the challenged action might be considered sound trial strategy. *Strick-*

*land,* 466 U.S. at 689, 104 S.Ct. 2052; *Tong v. State,* 25 S.W.3d 707, 712 (Tex. Crim.App.2000). An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson,* 9 S.W.3d at 814. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.* When a record is silent as to trial counsel's strategy, we "will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App.2001).

In this cause, the record is silent as to why appellant's trial counsel chose not to present a DNA expert witness. Appellant did not raise his ineffective-assistance-of-counsel claim in a motion for new trial nor did he present any evidence in support of his claim to the trial court. Appellant's trial counsel may have believed that additional DNA testimony would have confirmed the conclusions of the State's DNA expert. *See Mincey v. State,* 112 S.W.3d 748, 752–53 (Tex.App.-Beaumont 2003, no pet.). The record does not establish that appellant's trial counsel's decision not to present a DNA expert witness was so outrageous that no competent attorney would have engaged in it.

The record does not demonstrate that appellant's trial counsel's representation fell below an objective standard of reason-

ableness. We overrule appellant's second point of error.

### This Court's Ruling

We affirm the judgment of the trial court.