Opinion filed March 22, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed March 22, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00281-CR 

                                                    __________

 

                                GARY WAYNE HALE, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown County, Texas

 

                                                 Trial
Court Cause No. CR17611

 



 

                                                                   O
P I N I O N

 

The jury convicted Gary Wayne Hale, Jr. of two
counts of aggravated sexual assault of a child and assessed punishment at sixty
years confinement for each count.  The
trial court sentenced appellant accordingly and ordered that the sentences run
concurrently.  In two points of error,
appellant asserts (1) that the trial court erred in denying his motion to
suppress evidence of his DNA sample and (2) that his trial counsel rendered
ineffective assistance of counsel by failing to present a DNA expert witness to
challenge the conclusions of the State=s
DNA expert.  We affirm.








                                                               Background
Facts

On December 2, 2004, the State indicted appellant
for two counts of aggravated sexual assault of a child.  On December 8, 2004, appellant was arrested
for the offenses.  On December 9, 2004,
appellant was taken before a magistrate, and the magistrate administered the
warning prescribed by Tex. Code Crim.
Proc. Ann. art. 15.17 (Vernon
Supp. 2006).  A copy of the magistrate=s warning form is in the record.  In the form, appellant indicated that he
wanted to request a court-appointed attorney.

Scott Martin, an investigator with the Brown
County Sheriff=s
Department, was the sole witness at the hearing on appellant=s motion to suppress.  Martin testified that, on December 10, 2004,
he spoke with appellant at the Brown County Jail.  Martin said that he requested appellant=s consent to take a saliva sample for
DNA testing and that appellant consented to the taking of the sample.  Martin said that he obtained a saliva sample
from appellant after receiving appellant=s
consent.  Martin also testified that, on
December 10, 2004, he was unaware of appellant=s
earlier request for a court-appointed attorney.

                                                   Motion to
Suppress

In his first point of error, appellant argues that
the trial court erred in denying his motion to suppress because the State obtained
his DNA sample in violation of his right to counsel under the Sixth Amendment
of the United States Constitution.  See
U.S. Const. amend. VI.  We review a trial
court=s ruling
on a motion to suppress using a bifurcated standard.  We give almost total deference to a trial
court=s
determination of historical facts and review de novo the trial court=s application of the law.  Carmouche v. State, 10 S.W.3d 323,
327-28 (Tex.
Crim. App. 2000).








The Sixth Amendment guarantees a criminal
defendant the assistance of counsel at the initiation of adversary proceedings
against him and at any subsequent Acritical
stage@ of the
proceedings.  Estelle v. Smith,
451 U.S. 454, 469-70 (1981);
Thompson v. State, 93 S.W.3d 16, 23 (Tex. Crim. App. 2001).  Not every event following the inception of
adversary judicial proceedings constitutes a Acritical
stage@ so as to
invoke the right to counsel under the Sixth Amendment.  United
 States v. Ash, 413 U.S. 300 (1973); Green v. State,
872 S.W.2d 717, 720 (Tex. Crim. App. 1994). 
A particular pretrial stage is Acritical@ only if Athe
accused require[s] aid in coping with legal problems or assistance in meeting
his adversary.@  Ash, 413 U.S. at 313; Green, 872
S.W.2d at 720.  In assessing whether a
particular stage is critical, Awe
must scrutinize [the] pre-trial event with a view to ascertaining whether
presence of counsel is necessary to assure fairness and the effective
assistance of counsel at trial.@
Green, 872 S.W.2d at 720.  A
pretrial stage is not critical when Aconfrontation
with counsel at trial can serve as a substitute for counsel at the pretrial
confrontation.@  See Ash, 413 U.S. at 316; State v. Mata, 30 S.W.3d
486, 488 (Tex.
App.CSan
Antonio 2000, no pet.).

In this cause, the State argues that the taking of
the DNA saliva sample was not a critical stage of the proceedings and that,
therefore, appellant was not entitled to the presence of counsel. The United
States Supreme Court has held that preparatory steps in the gathering of the
prosecution=s
evidence, such as analyzing an accused=s
fingerprints, blood samples, clothing, hair, and the like, are not Acritical stages@
at which an accused has the right to presence of counsel.  See United
 States v. Wade, 388 U.S. 218, 227-28 (1967).  Similarly, courts have held that requests to
obtain samples for DNA testing are not Acritical
stages@ of the
proceedings.  Mata, 30 S.W.3d at
488-89 (defendant=s consent
to the taking of a blood sample for DNA testing was not a critical stage of the
proceedings); Rose v. State, 711 S.W.2d 89, 91-92 (Tex. App.CDallas 1986, no pet.) (taking of blood
and saliva samples for DNA testing was not a critical stage of the
proceedings); see also Lemmons v. State, 75 S.W.3d 513, 522 (Tex. App.CSan Antonio 2002, pet. ref=d).

We agree with the sound reasoning of the Mata
and Rose courts.  The taking of
appellant=s saliva
sample for DNA testing was not a critical stage of the proceedings; therefore,
appellant was not entitled to the presence of counsel when the State obtained
the saliva sample.  The trial court did
not err in denying appellant=s
motion to suppress.  We overrule
appellant=s first
point of error.

                                              Ineffective-Assistance-of-Counsel
Claim








In his second point of error, appellant argues
that his trial counsel rendered ineffective assistance of counsel by failing to
present a DNA expert witness.  To
determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S.
668 (1984); Andrews v. State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Thompson v. State,
9 S.W.3d 808 (Tex. Crim. App. 1999).  We
must indulge a strong presumption that counsel=s
conduct fell within the wide range of reasonably professional assistance, and
an appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Strickland, 466 U.S. at 689; Tong v. State, 25 S.W.3d
707, 712 (Tex.
Crim. App. 2000).  An allegation of
ineffective assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.  Thompson, 9 S.W.3d at 814.  Under normal circumstances, the record on
direct appeal will not be sufficient to show that counsel=s representation was so deficient and
so lacking as to overcome the presumption that counsel=s
conduct was reasonable and professional. 
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Rarely will the record on direct appeal
contain sufficient information to permit a reviewing court to fairly evaluate
the merits of such a serious allegation. 
Id.  When a record is silent as to trial counsel=s strategy, we Awill
not conclude the challenged conduct constituted deficient performance unless
the conduct was so outrageous that no competent attorney would have engaged in
it.@ 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

In this cause, the record is silent as to why
appellant=s trial
counsel chose not to present a DNA expert witness.  Appellant did not raise his
ineffective-assistance-of-counsel claim in a motion for new trial nor did he
present any evidence in support of his claim to the trial court.  Appellant=s
trial counsel may have believed that additional DNA testimony would have
confirmed the conclusions of the State=s
DNA expert.  See Mincey v. State,
112 S.W.3d 748, 752-53 (Tex.
App.CBeaumont
2003, no pet.).  The record does not
establish that appellant=s
trial counsel=s
decision not to present a DNA expert witness was so outrageous that no competent
attorney would have engaged in it. 

The record does not demonstrate that appellant=s trial counsel=s
representation fell below an objective standard of reasonableness.  We overrule appellant=s
second point of error.

                                                               This
Court=s Ruling

We affirm the judgment of the trial court.

 

TERRY McCALL

JUSTICE

March 22, 2007

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.