**UNITED STATES of America, Appellee,**

v.

**Doyle HORNE, Appellant.**

No. 84–1486.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1985.

Decided Feb. 28, 1985.

Rehearing Denied March 27, 1985.

Terrance J. Good, St. Louis, Mo., for appellant.

Pam Bucy, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Doyle Horne, former president of the Irondale Bank in Washington County, Missouri, appeals his conviction on all eleven counts of an indictment charging misapplication of bank funds, 18 U.S.C. § 656, causing false entries to be made in bank records, 18 U.S.C. § 1005, and perjury, 18 U.S.C. § 1623. Horne presents two conten-

tions. First, he claims the trial judge should have declared a mistrial because one juror became ill during the trial. Second, Horne claims the trial judge should have entered judgment of acquittal on nine counts of the indictment because the government failed to prove all the elements of those charges. We find no merit in Horne's appeal and affirm his convictions.

 During Horne's trial, one of the jurors became visibly ill with stomach flu. The ailing juror's illness required one short break between witnesses and an early recess for the day on one day of the trial. The next day, Horne moved for a mistrial, claiming that all the jurors' ability to devote full attention to the testimony and evidence had been adversely affected. The district judge questioned the juror, weighed Horne's contention, and concluded that the temporary illness had not affected and would not affect any juror's consideration of the case. We find no abuse of discretion in the trial judge's denial of Horne's motion. *See United States v. Key,* 717 F.2d 1206, 1209 (8th Cir.1983).

■ Horne next claims that the government presented insufficient evidence on nine counts of the indictment to send those counts to the jury. Horne's contentions display no more than disagreement with the jury's inferences from the evidence of Horne's use of his position for the financial benefit of himself and his family and the jury's resolution of disputed testimony regarding the perjury charge. We find ample support in the record for the trial court's denial of Horne's motion for judgment of acquittal.

The judgment of the district court is affirmed.