*1999 ND 189*

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Gary Franklin DELANEY, Defendant and Appellant.**

**No. 990036.**

Supreme Court of North Dakota.

Oct. 20, 1999.

Wade Lykken Webb, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Steven D. Mottinger, Fargo, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Gary Franklin Delaney appealed from judgments of conviction upon a jury verdict finding him guilty of criminal trespass and terrorizing. We hold there was sufficient evidence to sustain the convictions and the trial court did not err in denying Delaney's motions for judgment of acquittal. We affirm.

[¶ 2] Delaney was charged with class C felony criminal trespass for entering or remaining in the residence of Russell Norton at 2 a.m. on July 2, 1998, knowing that he was not licensed or privileged to do so. Delaney was also charged with class C felony terrorizing for threatening the life

and safety of Norton and his eleven year old daughter with a knife, causing them to flee their home that morning. The jury convicted Delaney on both counts, and he was sentenced to five year terms of imprisonment on each count with three years suspended on the criminal trespass sentence.

[¶ 3] On appeal Delaney contends the trial court erred in denying his motions for judgment of acquittal. At the close of the prosecution's case, Delaney moved for judgment of acquittal under N.D.R.Crim.P. 29. The court denied the motion, stating "there does appear to be substantial evidence in this case thus far on each and every element. . . ." Delaney proceeded to present a defense, and at the close of his offering of evidence again moved for judgment of acquittal on both charges. The court denied the motion, stating "[t]he Court does find that there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt and, therefore, does deny the motion for judgment of acquittal."

[¶ 4] Delaney casts the issue on appeal as error by the trial court in denying the motion for acquittal. But, to grant a judgment of acquittal, a trial court must find the evidence is insufficient to sustain a conviction of the offenses charged. N.D.R.Crim.P. 29(a); *State v. Jones*, 557 N.W.2d 375, 377 (N.D.1996). In this respect the standard on review is the same as when the challenge is to the sufficiency of the evidence to sustain the verdict. *Id.* In *State v. Gagnon*, 1999 ND 13, ¶ 23, 589 N.W.2d 560, the defendant moved for a judgment of acquittal. The trial court denied the motion, and on appeal from the conviction this court summarized our standard for reviewing a challenge to the sufficiency of the evidence:

> To successfully challenge the sufficiency of the evidence on appeal, a defendant must show there is no reasonable inference of guilt when viewing the evidence in the light most favorable to the verdict. By presenting evidence after the denial of the motion, the defendant permits this Court to review on appeal the entire record to determine whether sufficient evidence exists to sustain the verdict. In deciding whether there is sufficient evidence, we do not resolve conflicts in the evidence nor do we weigh the credibility of the witnesses. We determine only whether there is competent evidence which could have allowed the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction.

(Citations omitted.)

[¶ 5] Delaney was charged with class C criminal trespass under N.D.C.C. § 12.1–22–03(1), which provides:

> A person is guilty of a class C felony if, knowing that he is not licensed or privileged to do so, he enters or remains in a dwelling or in highly secured premises.

Delaney was also charged with class C felony terrorizing under N.D.C.C. § 12.1–17–04(1), which provides in part:

> A person is guilty of a class C felony if, with intent to place another human being in fear for that human being's or another's safety . . . the person:
>
> 1. Threatens to commit any crime of violence or act dangerous to human life. . . .

[¶ 6] At trial, Russell Norton and his daughter testified against Delaney. Michelle Grossnickel, the driver of a car flagged down by Norton and his daughter as they fled from Delaney, also testified, as did the law enforcement officers called to the scene that evening. Viewing the evidence in the light most favorable to the verdict, there is record evidence to support the jury finding the following facts. Delaney and Norton were friends. In the early morning of July 2, 1998, Delaney was extremely upset, because another friend had been badly beaten and Delaney suspected Norton may have been involved. After drinking alcoholic beverages, Delaney entered the closed but unlocked door of Norton's residence, without knocking or announcing his presence. Norton was in the living room and his eleven year old daughter was sleeping nearby on the floor.

[¶ 7] When Delaney entered the home he pulled a knife from his pocket. Several dogs in the home ran over to greet Delaney. He stabbed one of them and, turning to Norton, said "I come to kill you." When Delaney came toward Norton with the knife pointed up, Norton yelled at his daughter to call 911. Norton's daughter testified that when she awoke "[m]y dad was fighting Gary off in the dining room and he yelled, '[c]all 911.'" When Norton's daughter started dialing the phone, Delaney turned toward her with the knife, and Norton yelled for her "to get out of the house." Norton, himself, then ran out the back door. Norton and his daughter rapped at a neighbor's home but there was no response so they starting walking down the street. Norton testified "Gary was coming toward us again." They saw a car traveling on the road and flagged it down. The driver, Michelle Grossnickel, gave testimony which supported Norton and his daughter's testimony of the events that occurred. They went to her house and used the phone to call 911. The police arrived about one-half hour later but were unable to immediately locate Delaney. Deputy Cass County Sheriff, Bruce Renshaw, testified that when the police arrived Norton told them Delaney had entered the house unannounced and without permission, had threatened him with a knife, and had stabbed a pet.

[¶ 8] Delaney claims there is insufficient evidence to sustain his conviction for criminal trespass, because he and Norton were friends and Delaney often entered Norton's home without knocking or announcing his presence. Delaney's argument is not persuasive. There is substantial record evidence to support the jury's finding Delaney either entered or remained in Norton's home on the morning of July 2, 1998, knowing he was not privileged or welcome to do so. Simply because Norton had not objected in the past to Delaney entering his home for friendly visits, without first knocking, does not infer license or privilege for Delaney to enter the home at 2 a.m. while intoxicated to brandish a knife and make life-threatening gestures or remarks. After Delaney stabbed a dog in the home and turned to Norton stating he was there to kill him, Norton yelled for his daughter to secure help by calling 911. The jury could certainly conclude that, under these circumstances, Delaney knew he had neither privilege nor license to remain in the home.

[¶ 9] Delaney also contends there is insufficient evidence for the jury to conclude he committed the act of terrorizing by threatening to commit a crime of violence or act dangerous to human life. This argument is equally unpersuasive. There is evidence upon which the jury could conclude Delaney, while brandishing an open pocket knife, told Norton he was going to kill him and also gestured and approached Norton's daughter in a similar threatening manner. The terrorizing statute prohibits "threats" to commit crimes of violence or acts dangerous to human life regardless of whether the victim actually suffers any physical harm. *State v. Hondl,* 506 N.W.2d 404, 406 (N.D.1993). Delaney's words and behavior are exactly the type of conduct prohibited by the terrorizing statute, which proscribes threats of a crime of violence or an act dangerous to human life. *See State v. Carlson,* 1997 ND 7, ¶¶ 40–41, 559 N.W.2d 802.

[¶ 10] Viewing the record in the light most favorable to the verdict, we conclude there is sufficient evidence to sustain Delaney's convictions of trespass and terrorizing. We, therefore, conclude the trial court did not err in denying Delaney's motions for a judgment of acquittal.

[¶ 11] Affirmed.

[¶ 12] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.