2007 ND 133

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Terry KAUTZMAN, Defendant and Appellant.**

No. 20060329.

Supreme Court of North Dakota.

Aug. 22, 2007.

Rehearing Denied Oct. 16, 2007.

Michael G. Liffrig, State's Attorney, Mandan, N.D., for plaintiff and appellee.

Kent M. Morrow, Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶1] Terry Kautzman appeals from a criminal judgment entered on a jury verdict finding him guilty of gross sexual imposition and terrorizing. We affirm the criminal judgment.

I

[¶2] Terry Kautzman was charged with gross sexual imposition, terrorizing, and attempted murder for events that occurred on February 9, 2006. Kautzman testified at trial that on February 9, 2006, he was sleeping at his girlfriend's apartment when she arrived home. Kautzman testified he woke to her on top of him, with his belt unbuckled. Kautzman testified they engaged in sexual intercourse. According to Kautzman's testimony, he asked her if she wanted to engage in anal intercourse. He testified they briefly engaged in anal intercourse after she indicated consent, but stopped when she expressed discomfort. According to Kautzman, he was out of bed and tying his shoe when he saw his girlfriend holding a knife in a threatening position. Kautzman testified he defended himself by grabbing her by the neck with one hand, pushing her against the hallway wall, and knocking the knife out of her hand. Kautzman testified he carried his girlfriend to the bedroom after he realized she was unconscious. According to Kautzman, he went to his brother's apartment to get help for her, but his brother was not home. Kautzman testified he called 911 when he returned to his girlfriend's apartment and discovered she was still unconscious.

[¶3] The alleged victim testified that on February 9, 2006, she returned to her apartment after visiting her brother, and soon began arguing with Kautzman. She

testified Kautzman pulled her off the love seat and threw her to the floor. According to the alleged victim, Kautzman picked her up, verbally abused her, and threw her against the kitchen wall, which caused her to lose consciousness. She testified she regained consciousness while on the living room floor as Kautzman was pouring whiskey down her throat and choking her. According to the alleged victim, she later woke to Kautzman anally penetrating her and pulling her hair. She testified she did not consent to anal intercourse.

[¶ 4] Before trial, Kautzman moved to determine admissibility of evidence that, among other sexual history, the alleged victim previously engaged in and enjoyed anal intercourse with her estranged husband. The trial court denied Kautzman's motion.

[¶ 5] The jury returned guilty verdicts on the gross sexual imposition and terrorizing charges, but found Kautzman not guilty of attempted murder. The gross sexual imposition verdict form first inquired whether the jury found Kautzman guilty or not guilty of gross sexual imposition. The jury marked guilty. The form next inquired: "If you find ... Kautzman, guilty of the crime of Gross Sexual Imposition, do you find that the State proved beyond a reasonable doubt that [Kautzman] inflicted serious bodily injury on [the alleged victim]?" The jury did not answer the second inquiry. The trial court asked the jury whether it was deadlocked on that inquiry. The jury foreperson answered affirmatively. The trial court announced the terrorizing verdict as "not guilty," but the jury protested that verdict. The trial court directed the jurors to return to the jury room. After deliberating, the jury returned with a "guilty" verdict. The trial court's poll of the jurors indicated their agreement with the three verdicts.

[¶ 6] After the trial court excused the jury, Kautzman orally moved for the trial court to overturn the jury's gross sexual imposition verdict, but did not object to the terrorizing verdict. The trial court denied Kautzman's motion. Later, Kautzman moved for judgment of acquittal or mistrial on the gross sexual imposition and terrorizing convictions. Kautzman contended the trial court should have granted him an acquittal or mistrial because the jury did not answer the second inquiry on the gross sexual imposition verdict form, and because a verdict of "not guilty" was originally received for the terrorizing charge. The trial court denied Kautzman's motion. Kautzman was convicted of class A felony gross sexual imposition and class C felony terrorizing. Kautzman appeals.

## II

[¶ 7] Kautzman argues the trial court erred when it denied his motion for mistrial on his gross sexual imposition and terrorizing convictions. The grant of a mistrial is an extreme remedy that should only be resorted to when there is a fundamental defect or occurrence in the trial proceedings that "makes it evident that further proceedings would be productive of manifest injustice." *State v. Klose*, 2003 ND 39, ¶ 14, 657 N.W.2d 276.

[¶ 8] When a problem occurs during trial, the affected party must bring the irregularity to the trial court's attention and seek the appropriate remedy. *Klose*, 2003 ND 39, ¶ 15, 657 N.W.2d 276. When defense counsel moves for a mistrial because of the prejudicial effect of the defect or occurrence, counsel ordinarily must request the trial court provide a cautionary instruction to the jury to properly preserve the question for appellate review. *Id.* A party's failure to request an instruction waives the objection to the allegedly

prejudicial error. *Id.* "A mistrial must be declared before the trial is over and before the jury has been discharged." *Id.; see* N.D.R.Crim.P. 31(d) (a mistrial may be declared before the jury is discharged); N.D.R.Crim.P. 33, Explanatory Note ("[Rule 33] does not affect the power of the court to declare a mistrial and order a new trial prior to the verdict or finding of guilty.").

[¶ 9] In this case, Kautzman argues the irregularity lies in the failure of the trial court to include "serious bodily injury" as an element of the offense of gross sexual imposition, in the failure of the jury to answer the second question on the verdict form, and in the trial court's handling of the terrorizing verdict. Kautzman did not request an instruction on any of these matters and did not move for a mistrial until after the jury was discharged. Therefore, Kautzman did not properly preserve these issues for appeal and, in addition, his motion for a mistrial was untimely. In this appeal, we will only consider Kautzman's motion for judgment of acquittal on his gross sexual imposition and terrorizing convictions.

### III

[¶ 10] To grant a judgment of acquittal, "a trial court must find the evidence is insufficient to sustain a conviction of the offenses charged." *State v. Delaney,* 1999 ND 189, ¶ 4, 601 N.W.2d 573; N.D.R.Crim.P. 29(a). When considering the sufficiency of the evidence on appeal, this Court views the evidence and all reasonable inferences in the light most favorable to the prosecution and then determines whether a rational factfinder could have found guilt beyond a reasonable doubt. *State v. Lambert,* 539 N.W.2d 288, 289 (N.D.1995). This Court only allows for the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction. *Id.*

[¶ 11] Kautzman argues the trial court erred when it denied his motion for judgment of acquittal on his gross sexual imposition conviction because the inclusion of "serious bodily injury" to the gross sexual imposition verdict form created an additional element the State had to prove beyond a reasonable doubt. Kautzman contends he should have been acquitted because the State did not prove the alleged victim suffered a serious bodily injury. The State argues that "serious bodily injury" was agreed to by both parties to be a requirement for the enhancement of the penalty for gross sexual imposition and that Kautzman suggested the "penalty enhancement" question. Kautzman additionally argues he cannot be convicted of a lesser offense because neither party requested a lesser included offense instruction and there was no acquittal of the greater offense. At the trial court level, serious bodily injury was treated as a sentence enhancement to gross sexual imposition. We conclude we do not need to address whether serious bodily injury is an element of gross sexual imposition or if it is merely a sentence enhancement.

[¶ 12] Section 12.1–20–03, N.D.C.C., establishes the requirements for the crime of gross sexual imposition:

1. A person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if:

a. That person compels the victim to submit by force or by threat of imminent death, serious bodily injury, or kidnapping, to be inflicted on any human being;

. . . .

3. a. An offense under this section is a class AA felony if in the course of the offense the actor inflicts serious

bodily injury upon the victim, if the actor's conduct violates subdivision a of subsection 1, or if the actor's conduct violates subdivision d of subsection 1 and the actor was more than five years older than the victim at the time of the offense.

. . . .

c. Otherwise the offense is a class A felony.

Count one of the Second Amended Information against Kautzman read:

GROSS SEXUAL IMPOSITION in violation of N.D.C.C. Section 12.1–20–03(1)(a) by then and there,

Engaging in a sexual act with [the alleged victim], compelling her to submit by force or threat of imminent death or serious bodily injury to be inflicted upon her, and/or [Kautzman] knew the victim was unconscious and unaware that the sexual act was being committed upon her, and in the course of the offense, [Kautzman] inflicted serious bodily injury upon the victim[.]

Class AA Felony, penalty sections 12.1–20–03(3)(a) and 12.1–32–01(1)[.]

[¶ 13] Before trial, the trial court and counsel discussed the jury instructions and verdict form for the gross sexual imposition charge. In the opening jury instructions, the crime of gross sexual imposition was defined: "[a] person who willfully engages in a sexual act with another person is guilty of Gross Sexual Imposition if the actor compels another person to submit by force or by threat of imminent death or serious bodily injury." The jury was instructed that the essential elements of gross sexual imposition were:

The State's burden of proof is satisfied only if the evidence shows, beyond a reasonable doubt, the following essential elements:

1) On or about February, 9th, 2006, in Oliver County, North Dakota, the defendant, Terry Kautzman willfully engaged in a sexual act with [the alleged victim];

2) The defendant did so by willfully compelling [the alleged victim] to submit by force or by threat of imminent death or serious bodily injury.

The gross sexual imposition verdict form provided:

We, the jury duly impaneled and sworn to try the above-entitled action, do find the Defendant, Terry Kautzman, (Mark X on appropriate blank),

___ Not Guilty ___ Guilty

of the crime of Gross Sexual Imposition.

Dated this ___ day of July, 2006.

___

Jury Leader

If you find the Defendant, Terry Kautzman, guilty of the crime of Gross Sexual Imposition, do you find that the State proved beyond a reasonable doubt that the Defendant inflicted serious bodily injury on [the alleged victim]? (Mark an X on appropriate blank),

___ Yes or ___ No

Dated this ___ day of July, 2006.

___

Jury Leader

[¶ 14] "Under N.D.R.Crim.P. 30, if the trial court gives counsel an opportunity to object to proposed instructions, counsel must designate objectionable parts of the instructions and thereafter only the parts so designated are deemed excepted to by counsel." *State v. Flanagan*, 2004 ND 112, ¶ 5, 680 N.W.2d 241. Kautzman was present during discussions on the jury instructions and verdict form but never objected. Instead, Kautzman consented to all jury instructions and verdict forms as given to the jury. Addition-

ally, Kautzman requested the second inquiry on the gross sexual imposition verdict form. If counsel does not object to the trial court's instructions, the issue is not adequately preserved. *Id.* The inquiry is then "limited under N.D.R.Crim.P. 52(b) to whether the court's failure to instruct the jury was obvious error affecting substantial rights." *Flanagan,* at ¶ 5.

[¶ 15] This Court cautiously exercises its authority to notice obvious error and does so only in exceptional circumstances in which a party has suffered a serious injustice. *Flanagan,* 2004 ND 112, ¶ 6, 680 N.W.2d 241. This Court may notice a claimed error not brought to the attention of the trial court if there was (1) error, (2) that is plain, and (3) affects substantial rights. *Id.* When "a defendant establishes that a forfeited plain error affects substantial rights, we have discretion to correct the error and should correct it if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *State v. Olander,* 1998 ND 50, ¶ 16, 575 N.W.2d 658).

[¶ 16] At the trial court level, Kautzman actively participated in the drafting of the verdict form and specifically requested that the inquiry regarding whether there was serious bodily injury be added in the order it was presented to the jury. The form of this second inquiry did not request a "guilty" or "not guilty" response, but merely a "yes" or "no" response. Taken together, Kautzman's actions led the trial court to submit the case as a sentence enhancement case.

[¶ 17] Our Court does not need to decide today whether serious bodily injury is an element of gross sexual imposition or if it is a sentence enhancement of the offense because "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *State v.*

*Grager,* 2006 ND 102, ¶ 7, 713 N.W.2d 531 (citation omitted); *see also Olander,* 1998 ND 50, ¶ 14, 575 N.W.2d 658 (stating "[f]orfeiture is the failure to timely assert a right, while waiver is the intentional relinquishment of a right, and F.R.Crim.P. 52(b) applies only to 'forfeited' and not to 'waived' errors."). Kautzman attempts to challenge the trial proceeding, which resulted in serious bodily injury being treated as a sentence enhancement and not an element of the offense. However, because Kautzman invited the treatment of serious bodily injury as a sentence enhancement, he cannot now claim it was error to treat it as such. Therefore, Kautzman cannot now challenge as error the trial court's handling of serious bodily injury. There was sufficient evidence to convict Kautzman of gross sexual imposition. The trial court did not err in denying Kautzman's motion for judgment of acquittal.

### IV

[¶ 18] Kautzman argues the trial court erred when it denied his motion for judgment of acquittal on his terrorizing conviction. Kautzman contends the trial court failed to immediately poll the jurors individually after there was disagreement in open court with the announced verdict of "not guilty" on the terrorizing charge. Kautzman argues it was error to order the jury to return to deliberate, thereby allowing it to change the verdict. Kautzman contends the trial court should have accepted as final the "not guilty" verdict that was read in open court.

### A

[¶ 19] Under N.D.R.Crim.P. 31(a), a jury must return its verdict to a judge in open court. After the verdict is returned, but before the trial court discharges the jury, the trial court must poll the jurors individually if requested by a party, or

may on its own, poll the jurors individually. N.D.R.Crim.P. 31(d). If the poll indicates the jury lacks unanimity, the trial court may direct the jury to deliberate further or may declare a mistrial and discharge the jury. *Id.*

[¶ 20] When a problem occurs during trial, the affected party must bring the irregularity to the trial court's attention and seek the appropriate remedy. *Klose,* 2003 ND 39, ¶ 15, 657 N.W.2d 276. Kautzman chose not to request that the jurors be polled individually after the "not guilty" verdict was read and the jury protested. When the trial court directed the jury to return to the jury room to deliberate on its terrorizing verdict, Kautzman did not object to the lack of an individualized poll, the second deliberation, or the resulting "guilty" verdict that was read after the second deliberation.

[¶ 21] We have said that issues not raised before the trial court generally will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b). *State v. Parisien,* 2005 ND 152, ¶ 17, 703 N.W.2d 306. This Court may notice a claimed error not brought to the trial court's attention if there was obvious error that affected substantial rights. *Flanagan,* 2004 ND 112, ¶ 6, 680 N.W.2d 241. Using the discretion granted it under N.D.R.Crim.P. 31(d), the trial court chose not to poll the jurors individually, instead allowing the jury to return to deliberate following the jury's general protestation of the verdict read. The trial court then, on its own accord, polled the jury individually after it returned its verdict of guilty. The trial court knew, based on the protests of the jury, there was not unanimity on the verdict as originally read. Under N.D.R.Crim.P. 31(a), the verdict must be unanimous. We conclude the trial court properly exercised its discretion in allow-

ing the jury to deliberate and clarify its verdict without first polling the jury individually when it was clear there was not unanimity on the verdict as read.

**B**

[¶ 22] An individual is guilty of class C felony terrorizing if, with intent to place another individual in fear for that individual's safety, the individual threatens to commit any violent crime or act dangerous to human life. N.D.C.C. § 12.1–17–04. Viewing the record in the light most favorable to the verdict, we conclude there is sufficient evidence to sustain Kautzman's terrorizing conviction. The trial court did not err in denying Kautzman's motion for judgment of acquittal on his terrorizing conviction.

**V**

[¶ 23] Kautzman argues the trial court erred when it denied his motion to determine admissibility of evidence of the alleged victim's sexual history. Kautzman contends the alleged victim's alleged past engagement in and enjoyment of anal intercourse with her estranged husband was relevant evidence under N.D.R.Ev. 412. Kautzman further argues the exclusion of the alleged victim's sexual history denied Kautzman his constitutional right of confrontation.

[¶ 24] Under N.D.R.Ev. 412(a), evidence offered to prove an alleged victim engaged in other sexual behavior or an alleged victim's sexual predisposition is not admissible in a criminal proceeding involving sexual misconduct. However, there are three types of evidence that are admissible under N.D.R.Ev. 412:(1) evidence of specific instances of the alleged victim's sexual behavior to prove that an individual other than the accused was the source of physical evidence; (2) evidence of specific instances of sexual behavior by the alleged

victim with the accused, if offered by the accused to prove consent, or by the prosecution; and (3) evidence that if excluded would violate the defendant's constitutional rights. N.D.R.Ev. 412(b). The party looking to offer evidence must file a written motion at least fourteen days before trial specifically describing the evidence and stating its purpose. N.D.R.Ev. 412(c). The party must serve the motion on all parties and notify the alleged victim. *Id.*

[¶ 25] A trial court has broad discretion when deciding evidentiary matters, and its admission or exclusion of evidence will not be overturned on appeal unless that discretion has been abused. *Davis v. Killu*, 2006 ND 32, ¶ 6, 710 N.W.2d 118. "A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process." *Id.*

[¶ 26] The alleged victim's sexual history with her estranged husband is inadmissible under N.D.R.Ev. 412. The evidence Kautzman attempted to have admitted was not offered to prove that an individual other than Kautzman was the source of physical evidence, and it was not of specific instances of the alleged victim's past sexual conduct with Kautzman. Therefore, the first two exceptions to N.D.R.Ev. 412(a) do not apply.

[¶ 27] The third exception is evidence that, if excluded, would violate the defendant's constitutional rights. N.D.R.Ev. 412(b). The depth and the magnitude of constitutional arguments require an individual making such a challenge to either prepare an adequate and thorough foundation to support the argument, or forego its presentation. *State v. Osier*, 1999 ND 28, ¶ 33, 590 N.W.2d 205. "The mere reference to a statute's constitutionality, with nothing more, does not

meet the standard of persuasion required to mount an attack on constitutional grounds." *Id.* Any constitutional claim Kautzman may have had, he has foregone because he has failed to meet the standard of persuasion required to show the application of N.D.R.Ev. 412 was constitutionally infirm.

[¶ 28] Under N.D.R.Ev. 412, the alleged victim's alleged sexual behavior and sexual predisposition are inadmissible because Kautzman failed to prove any of the three exceptions apply. The trial court did not abuse its discretion when it denied Kautzman's motion to determine admissibility of evidence.

VI

[¶ 29] We affirm the criminal judgment.

[¶ 30] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.