# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 194

State of North Dakota,                                               Plaintiff and Appellee

v.

Ross Thomas,                                                     Defendant and Appellant

No. 20180257

Appeal from the District Court of Hettinger County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Pat J. Merriman, Assistant State's Attorney, Mott, ND, for plaintiff and appellee.

Scott O. Diamond, Fargo, ND, for defendant and appellant.

**VandeWalle, Chief Justice.**

[¶1]    Ross Thomas appealed from a criminal judgment entered after a jury found him guilty of terrorizing, a class C felony.  We conclude the district court erred in denying Thomas a hearing on alleged juror communications with non-jurors, which were discovered and brought to the court's attention while the jury was deliberating and were alleged to be related to matters on which the jury had deliberated and the jury's decisions.  We reverse and remand for a new trial.


I

[¶2]    In February 2017, the State charged Thomas with felonious restraint, terrorizing, and reckless endangerment for an event alleged to have occurred on February 7, 2017.  In a separate criminal case, the State also charged Thomas with aggravated assault alleged to have occurred out of the same incident.  In July 2017, the district court consolidated the cases for trial.

[¶3]    On March 28, 2018, the district court commenced a jury trial on the charges. On March 29, both the State and defendant rested, and the case was submitted to the jury.  At the end of the day, the jury sent a note to the court stating they had reached a decision on three counts, were hung on one count, and no further progress would be made.  The court admonished the jury and ordered them to return on the following Monday, April 2, after a holiday weekend, to continue deliberations on the remaining count.

[¶4]    On April 2, 2018, the jury reconvened to continue its deliberations.  Before the jury reconvened, however, Thomas's counsel raised specific allegations to the district court that Thomas had overheard non-jurors discussing the content of jury deliberations and juror decisions in a public setting in town.  The court did not conduct a hearing on Thomas's allegations at that time but stated it would "let

[Thomas] challenge any verdict made in a subsequent motion after there's notice and opportunity for both parties to be prepared."

[¶5] After further deliberation, the jury subsequently returned not-guilty verdicts on the aggravated assault and reckless endangerment charges and returned a guilty verdict on the terrorizing charge. The jury could not reach a unanimous verdict on the felonious restraint charge, and the court declared a mistrial on that charge. The district court sentenced Thomas on the terrorizing charge, and a criminal judgment was entered.

## II

[¶6] On appeal, both Thomas and the State treat the district court's refusal to conduct a hearing to explore alleged juror misconduct, before the jury resumed deliberating on the final day of trial, as the denial of a request for mistrial.

[¶7] Granting a mistrial is an "extreme remedy" and should only be resorted to when a fundamental defect or occurrence in the trial proceedings exists that "makes it evident that further proceedings would be productive of manifest injustice." *State v. Klose*, 2003 ND 39, ¶ 14, 657 N.W.2d 276. "When a problem occurs during trial, the affected party must bring the irregularity to the trial court's attention and seek the appropriate remedy." *State v. Kautzman*, 2007 ND 133, ¶ 8, 738 N.W.2d 1 (citing *Klose*, 2003 ND 39, ¶ 15, 657 N.W.2d 276). "A mistrial must be declared before the trial is over and before the jury has been discharged." *Kautzman*, at ¶ 8; *see also* N.D.R.Crim.P. 31(d) (mistrial may be declared before the jury is discharged); N.D.R.Crim.P. 33, Explanatory Note ("[Rule 33, providing for a motion for new trial] does not affect the power of the court to declare a mistrial and order a new trial prior to the verdict or finding of guilty."). The district court has broad discretion in deciding whether to grant a mistrial. *State v. Doll*, 2012 ND 32, ¶ 18, 812 N.W.2d 381. We will not reverse a court's mistrial decision unless there is a clear abuse of discretion or a manifest injustice would result. *Id.*

2

[¶8]    In this case, before the jury reconvened to continue its deliberations after a weekend holiday break, the district court and Thomas's counsel had the following colloquy:

> THE COURT:  All right.  We're going to go back on the record. We had been adjourned waiting for one of the jurors to arrive.  I understand, perhaps, that one has arrived, but nevertheless, Mr. Murtha has indicated he wanted to go back on the record.
>
> Mr. Murtha?
>
> MR. MURTHA:  Thank you, Your Honor.  I've had a chance to talk to Mr. Thomas.  I think that he had some grave concerns about some things that he overheard in New England, when he went out to eat, discussion amongst people that were talking about what the jurors had deliberated on and what their decision was.  This is pretty serious stuff.  He's really, really worried.  I don't think he wants to necessarily fire me.  I think he's just confused and really scared.  I think that he should share with the Court and the State's Attorney what he overheard, and I think it's a—I think it's a basis for a mistrial at this point, and how would the judge like to proceed?  And he has other witnesses besides himself.
>
> THE COURT:  Ms. Pikovsky, any thoughts?
>
> MS. PIKOVSKY:  Your Honor, I guess at this point, I don't know anything other than what Mr. Murtha has just told the Court.  I have no idea if there's any basis to what he's saying or not.
>
> THE COURT:  Well, I know that there is a body of law because I helped prepare it myself in one of my own cases approximately 30 years ago.  The general rule is that the Court is not going to be allowed to look into the process by which the jury arrived at its decision and there are, of course, methods to attack a verdict afterwards that go beyond what occurs in the courtroom—excuse me—in the jury room.
>
> So insofar as the issues have to do with the latter, the Court's not inclined to take any steps.  With regard to the former, and that is things that might occur outside of the courtroom, I'm not satisfied that this is the appropriate time or venue to address that.  It may be more appropriate that it can be addressed in a subsequent procedure and when there's a full opportunity for both parties to be prepared and to respond.
>
> But, Mr. Murtha, I'll let you make what record you wish.
>
> MR. MURTHA:  Thank you, Your Honor.
>
> I mean, I wasn't there, so I'd be basically calling Mr. Thomas to explain to the Court what he overheard and other witnesses that overheard this information.

3

THE COURT: Well, like I say, at this stage I don't intend to have a mini trial with only one side offering evidence. So I would be more inclined to continue and let you challenge any verdict made in a subsequent motion after there's notice and opportunity for both parties to be prepared.

(Discussion between Mr. Murtha and the defendant off the record.)

MR. MURTHA: I understand, Your Honor.

THE COURT: All right. Then I guess one thing occurs to me in view of the fact that at the last—before we adjourned for a moment, Mr. Thomas had effectively fired you. I need to ask Mr. Thomas, Mr. Thomas, is Mr. Murtha now representing you again?

THE DEFENDANT: I'm sorry, Your Honor. I was confused. At this time I would like Mr. Murtha to represent me.

THE COURT: All right. Thank you. Then my intention then is to ask the bailiff to return the jury to its jury box, and I'll proceed as I indicated that I would before we took our break.

[¶9] "One of the touchstones for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court so it could intelligently rule on it." *Lemer v. Campbell*, 1999 ND 223, ¶ 16, 602 N.W.2d 686 (quoting *State v. Osier*, 1999 ND 28, ¶ 14, 590 N.W.2d 205). We assume, as do the parties, that the district court's colloquy with Thomas's counsel is properly construed as a motion for mistrial. His request also specifically sought to present evidence to the court from Thomas and other witnesses about allegedly overhearing non-jurors discussing the content of juror deliberations and the jurors' decisions in a public setting. We conclude his request was broad enough for the district court to interpret it as seeking an evidentiary hearing regarding potential juror misconduct.

III

[¶10] Thomas argues the district court erred in denying him a hearing on the alleged extra-jury communications and in failing to conduct its own inquiry into the extra-jury communications. He contends the court should have granted him a hearing on alleged jury misconduct and he was prejudiced as a result of the court's denial.

[¶11] Our law is clear that "[w]hen a problem arises during a trial, the party affected must bring the irregularity to the court's attention and seek appropriate remedial

4

action." *State v. Myers*, 2009 ND 141, ¶ 10, 770 N.W.2d 713 (quoting *State v. Wilson*, 1999 ND 34, ¶ 14, 590 N.W.2d 202); *see also Kautzman*, 2007 ND 133, ¶ 8, 738 N.W.2d 1; *Klose*, 2003 ND 39, ¶ 15, 657 N.W.2d 276; *State v. Breding*, 526 N.W.2d 465, 472 (N.D. 1995). Similarly, we have also said that when a party discovers evidence of juror misconduct, investigation should cease and the matter should immediately be presented to the trial court. *See State v. Kovalevich*, 2015 ND 11, ¶ 21, 858 N.W.2d 625; *State v. Hidanovic*, 2008 ND 66, ¶ 15, 747 N.W.2d 463; *Praus ex rel. Praus v. Mack*, 2001 ND 80, ¶ 57 n.2, 626 N.W.2d 239; *Andrews v. O'Hearn*, 387 N.W.2d 716, 734 n.26 (N.D. 1986); *Kerzmann v. Rohweder*, 321 N.W.2d 84, 88 n.4 (N.D. 1984). "If juror misconduct is noticed and the criminal defendant does not object or request a mistrial, reversal requires obvious error." *Myers*, at ¶ 10.

[¶12] In this case, however, Thomas raised the issue about possible juror misconduct to the district court and sought to present evidence before the jury began its deliberations on the final day. While it would have been preferable if Thomas's counsel had made a further record and offer of proof as to what the testimony from Thomas and other witnesses would have been, it is clear from the court's comments that no hearing or "mini trial" would be held on the allegations before the jury continued its deliberations. We nevertheless conclude on this record that Thomas preserved the issue for appeal.

[¶13] In *Hidanovic*, this Court explained that "[i]f evidence of possible extraneous prejudicial information or outside influence is discovered, the proper procedure is to cease investigation to reduce the possibility of juror taint from extrajudicial pressures and to notify the district court <u>so it can conduct appropriate questioning</u>." 2008 ND 66, ¶ 15, 747 N.W.2d 463 (citing *Praus*, 2001 ND 80, ¶ 57 n.2, 626 N.W.2d 239; and *Schwartz v. Minneapolis Suburban Bus Co.*, 104 N.W.2d 301, 303 (Minn. 1960) (outlining similar procedure for hearing on juror misconduct)) (emphasis added); *see also Kerzmann*, 321 N.W.2d at 88 n.4 (discussing a "*Schwartz*" hearing when jury misconduct matters are brought to a trial court's attention). If the facts so require, the

5

district court may then question the juror or jurors about alleged juror misconduct on the record under proper safeguards and in the presence of counsel. *See Praus*, at ¶ 57 n.2; *Andrews*, 387 N.W.2d at 734 n.26; *Kerzmann*, 321 N.W.2d at 88.

[¶14] Thomas contends that he followed the procedure outlined in the *Hidanovic* case by bringing alleged jury misconduct to the district court's attention and requesting that he and his witnesses be allowed to testify to develop a record, but the district court refused his request to investigate the alleged misconduct. Thomas further asserts that N.D.R.Ev. 606(b), to the extent it may apply, would not prohibit inquiry into the jury misconduct. Thomas argues that he was prejudiced as a result of the court's failure to conduct a hearing on the jury misconduct. He requests a new trial only on the charge of terrorizing.

[¶15] The State argues the district court did not abuse its discretion in not granting a mistrial. The State acknowledges that no record was made of the contents of the alleged communications between jurors and a third party or parties, but argues that, whatever the content of the alleged discussions, the jury's decision and the outcome of the trial did not change while deliberations were adjourned over the three-day holiday weekend. The State asserts any alleged juror misconduct was harmless because it did not improperly influence the jurors and no manifest injustice occurred since the jurors' positions were not affected by any alleged juror misconduct.

[¶16] On this record, we conclude the district court erred in failing to conduct a hearing to develop a record and examine the extent of the alleged jury misconduct and potential prejudice. In refusing to conduct any inquiry into Thomas's claims of extra-jury communications at the time it was raised, the court's ruling undermines our prior precedent requiring a party, upon discovering evidence of jury misconduct, to cease investigation and immediately present the matter to the trial court. Under these facts and circumstances, we conclude the district court's refusal to conduct a hearing on Thomas's claimed jury misconduct constitutes prejudicial error requiring reversal.

6

[¶17]   Therefore, the district court abused its discretion in denying Thomas's request for a hearing on the alleged extra-jury communications.  We reverse and remand for a new trial.

## IV

[¶18]   The judgment is reversed, and the case is remanded for a new trial.

[¶19]   Gerald W. VandeWalle, C.J.
Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen