# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 66

State of North Dakota,
 
Plaintiff and Appellee

v.

Tevin Dewayne Freeman,
 
Defendant and Appellant

## No. 20230207

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua  B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for plaintiff and appellee.

Katie J. Miller, Minot, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Tevin Dewayne Freeman appeals from a criminal judgment entered after a jury found him guilty of murder, a class AA felony. Freeman argues there was insufficient evidence to support the conviction. Freeman also argues the court erred in denying his motion for a mistrial because taking a recess during defense's closing argument was a manifest injustice that prejudiced him. We affirm.

I

[¶2]   In October 2020, Freeman was charged with the murder of Erica L. Herrera under N.D.C.C. § 12.1-16-01, a class AA felony. A jury trial was held in November 2022.

[¶3]   The State's witnesses at trial included the 911 dispatcher who received the emergency call, the law enforcement officers who were dispatched to the scene and those who investigated Herrera's death, the medical examiner who conducted the autopsy of Herrera, and a friend of Herrera and Freeman's. According to testimony, Freeman called 911 and reported Herrera was not breathing. In an interview, Freeman stated Herrera sustained injuries from falling. The medical examiner testified Herrera's injuries were diffuse, and inconsistent with self-inflicted or accident-related injuries, and she died from blunt force trauma. Other testimony indicated previous violent arguments between Freeman and Herrera and that Freeman made statements "he was going to show everybody that she wasn't nothing." After the State rested its case in chief, Freeman moved for a judgment of acquittal under N.D.R.Crim.P. 29. The district court denied Freeman's motion. No witnesses were called by the defense.

[¶4]   During defense's closing argument, the State objected to defense counsel's use of "I believe" statements in describing the evidence presented. This led to a sidebar conference at the bench, immediately after which the district court was informed a juror needed to use the facilities. The court

allowed for a ten-minute recess for the juror to use the restroom. After returning from the recess, Freeman moved for a mistrial, arguing the break and the State's objection during closing argument prejudiced the defendant and no jury instruction would remedy the issue. The court denied Freeman's motion for a mistrial.

[¶5]   The jury found Freeman guilty of murder. Judgment was entered in June 2023. Freeman appeals.

II

[¶6]   Freeman argues the district court abused its discretion in denying his motion for a mistrial because allowing a break during defense's closing argument showed indifference to the defense's case, the defense did not have an opportunity to object to the break outside the presence of the jury, and no curative jury instruction would remedy the situation. He makes no argument on appeal that the court erred in sustaining the State's objections during his closing argument.

[¶7]   The standard of review for a district court's denial of a motion for mistrial is well-established:

> Granting a mistrial is an "extreme remedy" and should only be resorted to when a fundamental defect or occurrence in the trial proceedings exists that makes it evident that further proceedings would be productive of manifest injustice. When a problem occurs during trial, the affected party must bring the irregularity to the trial court's attention and seek the appropriate remedy. A mistrial must be declared before the trial is over and before the jury has been discharged. The district court has broad discretion in deciding whether to grant a mistrial. We will not reverse a court's mistrial decision unless there is a clear abuse of discretion or a manifest injustice would result.

*State v. Thomas*, 2019 ND 194, ¶ 7, 931 N.W.2d 192 (cleaned up). Trial courts have wide discretion over the conduct of trial and the courtroom. *See State v. Stevens*, 123 N.W. 888, 891 (N.D. 1909) ("[I]t is well settled that trial courts are vested with a wide discretion in the matter of controlling arguments of counsel

. . . .”); *State v. Knight*, 2023 ND 130, ¶ 8, 993 N.W.2d 528 (“A district court has broad discretion over the conduct of a trial, including the time in which a jury may properly deliberate, but the court must exercise this discretion in a manner that best comports with substantial justice.”).

[¶8] Freeman's motion for a mistrial arises from the events occurring during defense's closing argument. The State objected during defense counsel's closing argument and the district court sustained the State's objection. Defense counsel asked to approach the bench and a sidebar conference occurred. Immediately thereafter, the court was notified that a juror needed to use the facilities. The court allowed a ten-minute recess. The record reflects the following:

> BAILIFF EIKEN: Your Honor . . .
>
> (The bailiff conferred with the Court at the bench.)
>
> THE COURT: I was just made aware that there's a juror that needs to take a break. I don't like to do that in the middle of an argument, but I guess we did have a short break there. Again, at this point, to the jurors, remember the admonition. We will take about a ten-minute break. We'll reconvene with Attorney McCabe's comments.

After the recess, the court reconvened outside the presence of the jury, at the request of defense counsel. Defense counsel moved for a mistrial, stating:

> Basically, because of the actions prior to us taking a break, Your Honor, I'm asking for a mistrial. My client was totally prejudiced by the actions that just occurred within this court. I don't believe that there are any curative instruction [sic] can fix what just happened. I believe that if I would have said no, it wouldn't have went on with it. I've never seen a closing argument stopped like that except for an emergency or something.
>
> THE COURT: Are you saying the actions of someone having to go to the bathroom or Attorney Madden's objection?
>
> MR. McCABE: I'd saying [sic] both, Your Honor.

3

In denying Freeman's motion for a mistrial, the court stated:

> Okay. First of all, I am going to indicate that objections, while not ideal, are allowed in closing statements. . . . The jury was advised that, you know, "if there's ever a point you need to take a break, you need to let us know." I am going to deny the motion for a mistrial. *I don't find that there was any prejudice, and, frankly, no need for any type of curative instruction because the jury was the one itself that — one of the jurors needed to use the facilities*, and with regard to the objection, I did sustain that objection. The — counsel are not to make any "I believe" statements. . . . So motion is noted. Denied.

(Emphasis added.)

[¶9]   Freeman has not shown that allowing a short break in defense's closing argument at the request of a juror to use the restroom is a manifest injustice or that the district court abused its discretion. He has not provided, nor has this Court found, legal authority indicating a short break to use the restroom is an abuse of discretion or creates a manifest injustice. To the contrary, in other similar instances, courts have concluded it was not an abuse of discretion for a court to grant a recess when jurors are ill or have other such emergencies. *See United States v. Horne*, 755 F.2d 691 (8th Cir. 1985) (concluding the trial court did not abuse its discretion in denying a defendant's motion for mistrial where one of the jurors became visibly ill with stomach flu during trial, requiring a break between witnesses and an early recess on one day of the trial); *United States v. Thomas*, 451 F.3d 543, 546-47 (8th Cir. 2006) (concluding the precautions taken by the trial court in allowing a twenty-four day break in the proceedings, due to several juror emergencies and conflicts, was not an abuse of discretion).

[¶10] We conclude the district court did not abuse its discretion by allowing a bathroom break requested by a juror during defense's closing argument, and Freeman has not shown a manifest injustice.

[¶11] Therefore, the district court did not abuse its discretion in denying Freeman's motion for a mistrial.

4

## III

[¶12] Freeman argues the convictions are not supported by sufficient evidence, regarding the culpability element of intentionally or knowingly.

[¶13] "In reviewing challenges to the sufficiency of the evidence on appeal, the defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." *State v. Heinrich*, 2023 ND 102, ¶ 1, 991 N.W.2d 65 (quoting *State v. Rai*, 2019 ND 71, ¶ 13, 924 N.W.2d 410). After reviewing the record, we conclude sufficient evidence exists for a jury to draw a reasonable inference that Freeman intentionally or knowingly committed the charged offense. We summarily affirm under N.D.R.App.P. 35.1(a)(3).

## IV

[¶14] We affirm.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr