1999 ND 224

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Melissa MATHRE, Defendant and Appellant.**

No. 990116.

Supreme Court of North Dakota.

Dec. 1, 1999.

Thomas K. Schoppert of Schoppert Law Firm, Minot, N.D., for defendant and appellant.

Ladd R. Erickson, Assistant State's Attorney, Mandan, N.D., for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Melissa Mathre appeals from a judgment of conviction entered on a jury verdict finding her guilty of aggravated assault. We affirm.

[¶ 2] Melissa Mathre and Tammy Hurkes were employed as dancers at a bar in Mandan, North Dakota. On January 22, 1998, Mathre and Hurkes began argu-

ing at work about an item of clothing allegedly stolen by Hurkes. After closing, Mathre and Hurkes were involved in a physical altercation outside the bar. Mathre contends Hurkes attacked her, had her blocked in by a truck, and was pounding on her head when she reacted and stabbed Hurkes with a sharp object. Hurkes contends Mathre attacked and stabbed her after she attempted to walk away from the altercation.

[¶ 3] On January 23, 1998, Mathre was charged with aggravated assault under N.D.C.C. § 12.1–17–02. On December 31, 1998, the State filed an Amended Information, charging Mathre committed aggravated assault by:

Willfully causing serious bodily injury to another human being: or knowingly causing bodily injury or substantial bodily injury to another human being with a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury; or causing bodily injury to another human being while attempting to inflict serious bodily injury on any human being, to wit: The defendant willfully stabbed Tammy Hurkes, d.o.b. 01–02–73, several times with a knife or other sharp cutting instrument.

[¶ 4] The case was tried to a jury on January 14, 1999. At Mathre's request, the jury was instructed on self-defense. Mathre did not request, and the jury was not instructed as to lesser included offenses. Mathre did not object to the aggravated assault instruction or the lack of a lesser included offense instruction. The jury found Mathre guilty. The trial court sentenced Mathre to four years imprisonment with all but one year suspended. Mathre appeals, arguing the trial court committed obvious error affecting a substantial right by failing to instruct the jury on the lesser included offenses of assault and simple assault and by failing to instruct the jury on an essential element of aggravated assault. We disagree.

[¶ 5] To preserve the issue for appellate review under Rule 30(c), N.D.R.Crim.P., a party must specifically object to a jury instruction at trial. Because Mathre did not object to the aggravated assault instruction, nor to the trial court's failure to instruct the jury on lesser included offenses, she failed to adequately preserve her challenges for review under Rule 30(c), N.D.R.Crim.P. Our inquiry is, therefore, limited under Rule 52(b), N.D.R.Crim.P., to whether the trial court's jury instructions were obvious error affecting substantial rights. *State v. Olander*, 1998 ND 50, ¶¶ 10–11, 575 N.W.2d 658. As we stated in *Olander*, for this Court to notice a claimed error not brought to the attention of the trial court it must be (1) error, (2) that is obvious, and (3) affects substantial rights. *Id.* at ¶¶ 13–14 (applying the *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) framework for analyzing "plain error" under F.R.Crim.P. 52(b)).

We exercise our power to notice obvious error cautiously and only in exceptional circumstances where the accused has suffered serious injustice. *State v. Keller*, 550 N.W.2d 411, 412 (N.D.1996); *State v. Woehlhoff*, 540 N.W.2d 162, 164 (N.D.1995); *[State v.] McNair*, 491 N.W.2d [397, 399 (N.D.1992) ].... We have rarely noticed obvious error under N.D.R.Crim.P. 52(b).

*Id.* at ¶ 12 (citations omitted).

[¶ 6] Mathre argues the trial court obviously erred by not instructing the jury on the lesser included offenses of assault and simple assault. According to Mathre, during an aggravated assault trial, the court must instruct the jury on the lesser included offenses of assault and simple assault if a self-defense instruction has been given. Further, she contends the trial court must give the lesser-included instruction even if it is not requested by either party. This Court has stated that when a trial court instructs a jury on self-defense in a murder trial, it should also

instruct on the lesser included offenses of manslaughter and negligent homicide. *State v. Leidholm,* 334 N.W.2d 811, 821 (N.D.1983). The trial court in this case instructed the jury on self-defense. Our statement in *Leidholm* addressed the argument on appeal that it was error for the trial court to instruct the jury that manslaughter is a lesser included offense of murder. As this Court, discussing *Leidholm,* subsequently explained in *Frey:*

> Generally, absent a request for an instruction on a lesser included offense, it is not error for the trial court not to give such an instruction. *E.g., State v. Motsko,* 261 N.W.2d 860 (N.D.1977) (disagreeing with the rule from some jurisdictions that, even in the absence of a request and irrespective of the evidence presented in a case, a trial court must instruct on all included offenses). *See also State v. Champagne,* 198 N.W.2d 218 (N.D.1972). Although the trial court is initially responsible for correctly instructing the jury on the law of a case, both the prosecution and defense have a responsibility to request and object to specific instructions. *State v. Klose,* 334 N.W.2d 647 (N.D.1983); *State v. Allery,* 322 N.W.2d 228 (N.D.1982).

*State v. Frey,* 441 N.W.2d 668, 670 (N.D. 1989).

■ [¶ 7] In *Frey,* we noted defendants have the right to waive instructions on lesser included offenses as a trial tactic, taking an all-or-nothing risk the jury will not convict of the charged offense. *Id.* In *Frey,* the defendant's choice to forego instructions on lesser included offenses was explicitly stated on the record. *Id.* at 671. The issue presented in this case is whether a defendant's failure to request lesser included offenses instructions without an explicit waiver of his right to such instructions should constitute obvious error, giving the silent defendant the right to a second trial. On balance, we think not.

[¶ 8] As a matter of logic and common sense, it seems only reasonable a jury asked to consider the possibility of self-defense should be told the full range of possibilities, including that a defendant's honest belief in the need for self-defense, if negligently or recklessly held, may support a conviction of a lesser included offense. But, the reasonableness of requiring complete instructions evaporates when combined with the defendant's option of waiving the instructions. With that possibility added, a reasonable requirement becomes unreasonable because a defendant by requesting an instruction on self-defense, and saying nothing about instructions on lesser included offenses, could create, with his silence, the possibility of "obvious" reversible error. A cunning defendant might do exactly that, hoping in the rush and confusion of the trial the court might well overlook the possibility that a defendant charged with aggravated assault under N.D.C.C. § 12.1–17–02(2) (knowingly causing bodily injury or substantial bodily injury with a weapon) who honestly but negligently held the mistaken belief she needed to defend herself, might well be guilty of class B misdemeanor simple assault under N.D.C.C. § 12.1–17–01(1)(b) (negligently causing bodily injury by means of a weapon) or class A misdemeanor assault under N.D.C.C. § 12.1–17–01.1(2) (negligently causing substantial bodily injury by means of a weapon).[1]

[¶ 9] Because of this possibility, and because the asserted error is far from obvious, we cannot say this case presents "exceptional circumstances where the accused has suffered serious injustice." *Olander,* at ¶ 12. Fairness and justice are better served by requiring defendants who request jury instructions on self-defense to also request instructions on lesser included

---

1. "Bodily injury" is defined in N.D.C.C. § 12.1–01–04(4) as "any impairment of physical condition, including physical pain." "Substantial bodily injury" is defined in N.D.C.C. § 12.1–01–04(31) as "substantial temporary disfigurement, loss, or impairment of the function of any bodily member or organ, or a bone fracture."

offenses if they want those instructions given.[2] The trial court did not obviously err affecting a substantial right by not instructing the jury on the lesser included offenses of assault and simple assault when a self-defense instruction was given and a lesser included offense instruction was not requested by either party. *See Olander*, at ¶ 12.

[¶ 10] Mathre also argues the trial court obviously erred by instructing the jury on only one of the aggravated assault statute subsections after the State read to the jury the Amended Information alternatively charging Mathre under three subsections. N.D.C.C. § 12.1–17–02. To prove aggravated assault, the State needed to prove only one of the three alternatives in the Amended Information. *Id.* The alternative language in the Amended Information was merely surplusage. N.D.R.Crim.P. 7(d). At trial, the State's evidence concentrated on the second alternative in the Amended Information, whether Mathre "knowingly caus[ed] bodily injury or substantial bodily injury to [Tammy Hurkes] with a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury." The trial court's instruction provided:

> The prosecution satisfies its burden of proof only if the evidence shows beyond a reasonable doubt the following essential elements of the offense charged:
>
> 1. On or about the 23rd day of January 1998, in Morton County, North Dakota, the defendant, Melissa Mathre, knowingly caused bodily injury or substantial bodily injury to one Tammy Hurkes, another human being, by means of a dangerous weapon or other weapon; and
>
> 2. That the Defendant's possession of said weapon under the circumstances

indicated an intent or readiness to inflict serious bodily injury.

[¶ 11] The trial court adequately advised the jury of the essential elements of the offense under N.D.C.C. § 12.1–17–02(2). The trial court's instruction was not obvious error affecting a substantial right. *See Olander*, at ¶ 12.

[¶ 12] The judgment of conviction is affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.

---

2. We contrast this case with *State v. Wiedrich*, 460 N.W.2d 680 (N.D.1990), in which the self-defense instruction and an instruction on only one of two possible lesser included offenses was given at the State's request, and over the objection of the defendant.