2010 ND 137

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Joshua John POITRA, Defendant and Appellant.**

No. 20090339.

Supreme Court of North Dakota.

July 13, 2010.

Kimberlee Jo Hegvik (argued), and Leah Jo Viste (on brief), Assistant State's Attorneys, Fargo, N.D., for plaintiff and appellee.

Kent M. Morrow, Bismarck, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Joshua Poitra appeals from a criminal judgment entered after a jury found him guilty of gross sexual imposition and aggravated assault. Poitra contends the district court erred in denying his motion to suppress DNA evidence because he had a right to counsel before a search warrant was executed and because the affidavit for the search warrant contained false statements. Poitra also argues the court erred in denying his motion to suppress the photographic evidence and identification, the court abused its discretion by excluding evidence of the alleged victim's prior sexual history, and his sentence is illegal. We affirm.

I

[¶ 2] During the early morning hours on June 2, 2008, Jane Doe was at a Fargo residence with a group of people, including Poitra and at least two other men. At some point Doe called a taxicab to take her home. While she was outside waiting for the cab, someone grabbed her, threw her on the ground, removed her pants and underwear, and began having sexual intercourse with her. Eventually Doe was able to get away. Doe ran into the street, stopped a passing patrol vehicle from the Fargo Police Department and told the officers that she had been raped. Doe told the officers where the incident occurred, and the officers found a pair of women's underwear and a white baseball cap at the location.

[¶ 3] Fargo Police Detective James Shaw spoke to Doe on June 3, 2008, and she told him that her attacker's name was Josh or Justin, that he wore a white baseball cap with a footprint or bear claw and that he had a distinctive scar on his forehead. Shaw also talked to another individual who was with Doe on the night of the incident and she said a male named Josh was wearing a white hat with a foot emblem.

[¶ 4] On June 15, 2008, law enforcement officers were investigating an unrelated matter at the residence where the incident with Doe occurred. Poitra was at the residence and was taken into custody on a charge of minor in consumption of alcohol. Poitra was photographed when he was taken into custody. Law enforcement officers believed Poitra was eighteen, based on information from law enforcement databases and Poitra's statements.

[¶ 5] Later that day, Detectives Shaw and Paul Lies interviewed Poitra. They informed Poitra that a sexual assault had occurred on June 2, 2008, and they asked him to provide a DNA sample. Poitra told the detectives that he wanted to speak with his mother before he decided whether to give a DNA sample.

[¶ 6] On June 16, 2008, Shaw applied for a search warrant to obtain a DNA sample from Poitra. The affidavit in support of the warrant stated that the officer believed there was probable cause that Poitra was responsible in the gross sexual imposition because he "matches the general age group of the suspect, based on the fact that he was at the residence where the original incident occurred and based on the fact that he refused to voluntarily provide a DNA sample." A magistrate found probable cause existed and issued the search warrant. Shaw subsequently met with Poitra and collected a DNA sample.

[¶ 7] Shaw also took more photographs of Poitra to use in a photographic lineup

because he noticed Poitra has a distinct scar on his forehead, which was consistent with Doe's description. On June 16, 2008, Shaw conducted a photographic lineup using the photograph of Poitra taken when he was arrested for minor in consumption of alcohol. Doe positively identified Poitra as her attacker.

[¶ 8] On June 18, 2008, Poitra informed the court during a hearing that he was a juvenile. Shaw checked with the Social Security Administration to determine Poitra's correct date of birth. The Social Security Administration confirmed Poitra was a juvenile.

[¶ 9] On June 19, 2008, a petition was filed in juvenile court charging Poitra with minor in consumption of alcohol in violation of N.D.C.C. § 5–01–08, aggravated assault in violation of N.D.C.C. § 12.1–17–02 and gross sexual imposition in violation of N.D.C.C. § 12.1–20–03(1)(a). After a hearing, the juvenile court transferred the aggravated assault and gross sexual imposition charges to adult district court.

[¶ 10] Poitra moved to suppress all statements made to law enforcement because they were the result of custodial interrogation and a parent or attorney was not present, to suppress the photographic identification because the photographs were taken without a parent or attorney present and law enforcement knew or should have known he was a juvenile, and to suppress all DNA evidence because the affidavit for the warrant was based on false or misleading information. After a hearing, the court granted Poitra's motion to suppress the statements made after he was taken into custody. The court denied Poitra's motion to suppress the DNA evidence and the identification evidence obtained through photographs.

[¶ 11] After trial in July 2009, a jury found Poitra guilty of aggravated assault and gross sexual imposition. Poitra was sentenced to twenty-five years in prison with five years suspended.

II

[¶ 12] Poitra argues the district court erred in denying his motion to suppress DNA evidence because the affidavit for the search warrant contained false statements or omitted information and because he had a right to have a parent or counsel present before the warrant was executed.

[¶ 13] A district court's decision to deny a motion to suppress " 'will not be reversed [on appeal] if there is sufficient competent evidence capable of supporting the district court's findings, and … if its decision is not contrary to the manifest weight of the evidence.' " *State v. Scholes*, 2008 ND 146, ¶ 7, 753 N.W.2d 377 (quoting *State v. Fischer*, 2008 ND 32, ¶ 10, 744 N.W.2d 760). Questions of law are fully reviewable. *Scholes*, at ¶ 7. " '[W]hether a finding of fact meets a legal standard is a question of law.' " *Id.* (quoting *State v. Goebel*, 2007 ND 4, ¶ 11, 725 N.W.2d 578).

A

[¶ 14] Poitra argues law enforcement intentionally or recklessly included a false statement in the affidavit for the search warrant because the affidavit did not state he was a juvenile and did not include all of the possible dates of birth law enforcement had for him. He also claims information in the affidavit was "bare bones" information and was not sufficient to support finding probable cause.

[¶ 15] The Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution protect individuals from unreasonable searches and seizures and require warrants be issued only upon probable cause. *See State v. Ebel*, 2006 ND 212, ¶ 12, 723 N.W.2d 375. Whether probable

cause exists to issue a warrant is a question of law, which is fully reviewable on appeal. *Id.* " 'We defer to a magistrate's determination of probable cause so long as a substantial basis for the conclusion exists, and we resolve doubtful or marginal cases in favor of the magistrate's determination.' " *Id.* (quoting *State v. Stewart,* 2006 ND 39, ¶ 6, 710 N.W.2d 403). When reviewing the sufficiency of the information before the magistrate, we consider the totality of the circumstances and determine whether "there is a fair probability ... evidence of a crime will be found in a particular place [to be searched]." *Ebel,* at ¶ 13 (quoting *State v. Corum,* 2003 ND 89, ¶ 27, 663 N.W.2d 151).

[¶ 16] We address allegations that false or misleading statements were made in an application for a search warrant under the standard set out in *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *See Ebel,* 2006 ND 212, ¶ 20, 723 N.W.2d 375. Statements in an affidavit must be truthful:

> "This does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true."

*Franks,* 438 U.S. at 165, 98 S.Ct. 2674.

[¶ 17] A false statement is one that " 'misleads a neutral and detached magistrate into believing the stated facts exist, and those facts in turn affect the magistrate's evaluation of whether or not there is probable cause.' " *Ebel,* 2006 ND 212, ¶ 21, 723 N.W.2d 375 (quoting *State v.*

*Donovan,* 2004 ND 201, ¶ 7, 688 N.W.2d 646). Statements may also be false or misleading by omission. *Ebel,* at ¶ 21. When there is a claim statements are misleading because important information was omitted, the defendant has the burden to show: (1) that law enforcement omitted facts with the intent or in reckless disregard of whether they made the affidavit misleading, and (2) the affidavit would not have been sufficient to support a finding of probable cause if the omitted information had been included. *Myers v. State,* 2009 ND 13, ¶ 17, 760 N.W.2d 362. Whether a defendant demonstrates recklessness or deliberate falsity is a finding of fact that will not be reversed on appeal unless it is clearly erroneous. *Scholes,* 2008 ND 146, ¶ 17, 753 N.W.2d 377. A finding is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports the finding or if this Court is convinced, based on the entire record, that a mistake has been made. *Id.*

[¶ 18] The district court found Poitra repeatedly gave law enforcement officers an incorrect date of birth and failed to correct the officers when they asked if they had the correct date before the warrant was executed. The court found the officers did not know Poitra was a juvenile until after the warrant was executed. The court found that Poitra failed to prove perjury or reckless disregard of the truth by a preponderance of the evidence and that the failure to include Poitra's birth date on the search warrant affidavit was not necessary to the magistrate's finding of probable cause.

[¶ 19] The court's findings are not clearly erroneous. Evidence establishes the affiant, Shaw, did not know how old Poitra was and Poitra refused to give the officers his correct date of birth. Poitra testified an officer told him they found

three different dates of birth. Poitra told them to pick one. He testified the officers asked him if he was over eighteen and he said he was. He testified that he did not tell anyone his correct date of birth until he was in court on June 18, 2008. Shaw testified he asked Poitra his date of birth before executing the warrant and Poitra gave him a date that would have made Poitra eighteen years old. Shaw testified he did not know Poitra was a juvenile until June 18, 2008, after Poitra appeared in court. Shaw testified he contacted the Social Security Administration after learning Poitra was a juvenile to confirm that he was under eighteen. We conclude this evidence supports the court's finding that Poitra failed to show the information was omitted from the affidavit with the intent or in reckless disregard of whether it would make the affidavit misleading.

[¶ 20] Moreover, probable cause exists even if Poitra's birth date had been included in the affidavit. The affidavit included information that the victim had spent time with Poitra on the night of the incident and she claimed the man who raped her was named Josh and he was about seventeen years old, indicating that Poitra may be a juvenile. In the affidavit, Shaw stated that law enforcement had recovered a white baseball cap with a foot emblem at the crime scene and that another witness described Poitra as a younger man wearing a white baseball cap with a foot emblem.

[¶ 21] Considering the totality of the circumstances, there was probable cause for the search warrant and including the omitted information would not have defeated a determination of probable cause. We conclude the district court did not err in determining Poitra did not establish law enforcement intentionally or recklessly included a false statement or omitted material facts in its affidavit for the search warrant.

B

[¶ 22] Poitra argues he had a statutory right to have an attorney or a parent present before the search warrant was executed. N.D.C.C. § 27–20–26. He contends juveniles are entitled to have a parent or attorney present at "all stages of the proceedings," which includes when law enforcement has focused its investigation on a particular suspect. Poitra claims execution of the search warrant was a stage of the proceedings because law enforcement had focused its investigation on him.

[¶ 23] "A juvenile is recognized as a member of a special class of citizens who may require additional legal protection." *In re R.P.*, 2008 ND 39, ¶ 13, 745 N.W.2d 642. Under the Uniform Juvenile Court Act, "[c]ounsel must be provided for a [juvenile] who ... is not represented by the child's parent, guardian, or custodian at custodial, post-petition, and informal adjustment stages of proceedings." N.D.C.C. § 27–20–26(1).

[¶ 24] Prior versions of N.D.C.C. § 27–20–26 stated that a juvenile was entitled to counsel "at all stages of any proceedings," which this Court said included "circumstances in which an officer has focused his investigation on a particular suspect and is intent on gathering evidence, not merely investigating a complaint." *In re J.D.Z.*, 431 N.W.2d 272, 275 (N.D.1988). However, N.D.C.C. § 27–20–26 was amended in 1995 to its current language granting juveniles a right to counsel at "custodial, post-petition, and informal adjustment stages of proceedings." *Hearing on S.B. 2264 Before the House Judiciary Comm.*, 54th N.D. Legis. Sess. (Jan. 25, 1995) (testimony of Gov. Ed Schafer). The change clarified when a juvenile has a right to counsel and made the statute consistent with con-

stitutional law, limiting the right. *Id.* *See also In re Z.C.B.*, 2003 ND 151, ¶ 15, 669 N.W.2d 478 (1995 amendment limited a juvenile's right to counsel under N.D.C.C. § 27–20–26).

[¶ 25] In general, a criminal defendant does not have a constitutional right to an attorney before submitting DNA during the execution of a search warrant. *See, e.g., McClain v. State,* 274 Ind. 250, 410 N.E.2d 1297, 1303 (1980) (no right to counsel during execution of a search warrant for internal body secretions, swab emission test does not involve attempts to get testimony or assertions and is not a critical stage of the proceedings); *State v. Delisle,* 137 N.H. 549, 630 A.2d 767 (1993) (a defendant does not have a right to an attorney prior to giving blood samples pursuant to a warrant); *Hale v. State,* 220 S.W.3d 180 (Tex. App.2007) (no right to counsel when taking a saliva sample for DNA testing because it was not a critical stage of the proceedings). Poitra fails to cite any authority granting juveniles greater protections in executing a search warrant than an adult criminal defendant receives.

[¶ 26] Unlike cases where a juvenile must consent or refuse to take a chemical test, a juvenile does not have a choice whether to provide evidence when a search warrant has been issued. *Cf. R.P.,* 2008 ND 39, 745 N.W.2d 642 (juvenile has a limited statutory right to consult with a parent before deciding whether to submit to chemical testing). A magistrate has already found probable cause exists for the warrant, which provides protection by review from a neutral and detached magistrate. An attorney is unlikely to advise a juvenile to refuse to submit to the search, and an attorney can do little at that time to further the juvenile's right to a fair trial. *See State v. Moody,* 208 Ariz. 424, 94 P.3d 1119, 1141–42 (2004) (evidence would be collected even if defendant spoke to attorney because it is unlikely an attorney would advise a defendant to defy a warrant and refuse to submit to the search); *Brown v. State,* 11 So.3d 866, 901 (Ala.Crim.App.2007).

[¶ 27] Moreover, juveniles have a right to an attorney only in custodial, post-petition, and informal adjustment stages of proceedings under the Uniform Juvenile Court Act. N.D.C.C. § 27–20–26. The collection of physical evidence pursuant to a warrant is not a custodial stage of the proceedings. *Cf. Z.C.B.,* 2003 ND 151, ¶¶ 14–15, 669 N.W.2d 478 (routine traffic stops generally are not considered custodial situations and a juvenile does not have a right to have counsel or a parent present during routine questioning at an ordinary traffic stop). The warrant only allowed law enforcement to collect physical evidence. The district court suppressed all statements Poitra made to officers after he was taken into custody on the minor in consumption charge, including any made when the DNA sample was collected. The execution of the warrant was not a custodial, post-petition, or informal adjustment stage of the proceedings; and therefore, Poitra did not have a right to counsel under N.D.C.C. § 27–20–26.

[¶ 28] We conclude Poitra did not have a right to have an attorney present before the execution of the search warrant. The district court did not err in denying his motion to suppress the DNA evidence.

III

[¶ 29] Poitra argues the court should have suppressed photographs of him because the photographs were taken in violation of N.D.C.C. § 27–20–53(6). Poitra claims the court also should have suppressed Doe's identification because an unlawfully obtained photograph was used in the photographic lineup and therefore

the identification was improperly suggestive and unreliable.

[¶ 30] Juveniles "may be photographed by a law enforcement officer at the time of arrest for the crimes of murder, manslaughter, gross sexual imposition, robbery, aggravated assault, burglary, theft, forgery, or unlawful possession or use of a handgun." N.D.C.C. § 27–20–53(6). Here, Poitra was photographed while in custody for a charge of minor in consumption. Minor in consumption is not one of the crimes listed under N.D.C.C. § 27–20–53(6).

[¶ 31] However, the district court found and the evidence supports the court's finding that law enforcement did not know Poitra was a juvenile until after he was photographed and after the photograph was used in the lineup. The court found Poitra repeatedly failed to give law enforcement officers his correct date of birth and failed to correct the officers when he was asked if they had the correct date. The court found law enforcement did not know Poitra's correct date of birth or that he was a juvenile until June 18, 2008, which was after Poitra was photographed and the photographic lineup was conducted. The evidence supports the court's findings.

[¶ 32] A maxim of jurisprudence is that "[a] person cannot take advantage of [his] own wrong." N.D.C.C. § 31–11–05(8). See also Kraft v. Moore, 517 N.W.2d 643 (N.D.1994) (person who told a law enforcement officer that she had been driving the vehicle was estopped from challenging those facts to attack jurisdiction at an administrative hearing to revoke her driving privileges). Poitra was a minor and argues the use of the photograph in the lineup was unlawful. However, without deciding whether or not use of the photograph was lawful, Poitra is estopped from challenging the conduct because he told the officers he was eighteen and refused to give his correct date of birth and the officers reasonably believed Poitra was an adult. We conclude the district court did not err in denying Poitra's motion to suppress the photograph and identification resulting from the use of the photograph in the lineup.

## IV

[¶ 33] Poitra argues the district court erred in excluding evidence of Doe's sexual history under N.D.R.Ev. 412. He contends he should have been allowed to provide an alternate explanation for Doe's physical condition by cross-examining Doe about her prior sexual activity to show another person may have been responsible for her condition.

[¶ 34] A district court has broad discretion in deciding evidentiary matters, and its decision will not be overturned on appeal unless the court abuses its discretion. State v. Kautzman, 2007 ND 133, ¶ 25, 738 N.W.2d 1. "A ... court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process" leading to a reasoned determination. Id.

[¶ 35] Evidence about an alleged victim's other sexual behavior generally is not admissible in criminal proceedings involving alleged sexual misconduct. N.D.R.Ev. 412(a). However, there are three types of evidence that are admissible: (1) evidence of specific instances of the alleged victim's sexual behavior offered to prove that a person other than the accused was the source of injury or other physical evidence, (2) evidence of specific instances of the alleged victim's sexual behavior with the accused offered to prove consent, and (3) evidence that would violate the accused's constitutional rights if excluded. N.D.R.Ev. 412(b).

[¶ 36] If a party intends to offer evidence under N.D.R.Ev. 412(b), the party must "file a written motion at least 14 days before trial specifically describing the evidence and stating the purpose for which it is offered unless the court . . . requires a different time for filing or permits filing during the trial." N.D.R.Ev. 412(c)(1)(A). The party offering the evidence must also "serve the motion on all parties and notify the alleged victim." N.D.R.Ev. 412(c)(1)(B).

[¶ 37] Here, the State moved to preclude evidence of Doe's prior sexual behavior on June 24, 2009, arguing any evidence should be excluded because Poitra failed to file a written motion to allow any evidence under N.D.R.Ev. 412(b) and because Doe was not served with notice. Poitra opposed the motion, arguing he intended to present evidence that another individual told law enforcement officers that he had sex with Doe on the night of the incident. After a hearing on the motion, the court granted the State's motion to exclude, finding Poitra did not comply with the procedural requirements for admitting the evidence and the evidence was inadmissible hearsay unless the declarant appeared at trial.

[¶ 38] The jury trial began on July 7, 2009. Poitra did not file a written motion at least fourteen days before the trial describing the evidence and stating the purpose for which he intended to offer it. Doe also did not receive notice. Poitra failed to comply with the procedural requirements of N.D.R.Ev. 412(c). We conclude the district court did not abuse its discretion by excluding evidence of Doe's prior sexual behavior.

V

[¶ 39] Poitra argues his sentence is illegal because the court failed to make findings about whether imposing the mandatory minimum sentence would impose a manifest injustice. He argues the court must find whether the sentence would impose a manifest injustice and whether the defendant accepted responsibility or cooperated with law enforcement before the court can impose the mandatory minimum sentence.

[¶ 40] Section 12.1–20–03(3)(a), N.D.C.C., states:

"For any conviction of a class AA felony under subdivision a of subsection 1, the court shall impose a minimum sentence of twenty years' imprisonment, with probation supervision to follow the incarceration. The court may deviate from the mandatory sentence if the court finds that the sentence would impose a manifest injustice as defined in section 39–01–01 and the defendant has accepted responsibility for the crime or cooperated with law enforcement."

[¶ 41] The " '[i]nterpretation of a statute is a question of law fully reviewable on appeal.' " *State v. Brown*, 2009 ND 150, ¶ 15, 771 N.W.2d 267 (quoting *Interest of M.W.*, 2009 ND 55, ¶ 6, 764 N.W.2d 185). The primary goal in interpreting a statute is to ascertain the intent of the legislature. *Brown*, at ¶ 15. We first look at the plain language of the statute, giving each word its ordinary and commonly understood meaning. *Id.*

[¶ 42] The plain language of the statute is clear. The court may deviate from the mandatory minimum sentence only if it finds the sentence would impose a manifest injustice and the defendant has accepted responsibility. Here, Poitra was sentenced to imprisonment for twenty-five years, with five years suspended. He received the mandatory minimum sentence required by the statute. The court did not deviate from the mandatory minimum sentence; therefore under the plain language

of the statute findings whether the sentence would impose a manifest injustice were not required.

[¶ 43] Moreover, deviation from the mandatory minimum sentence is permitted only when the court finds a defendant accepted responsibility for the crime or cooperated with law enforcement. The court found Poitra did not cooperate with law enforcement and did not take responsibility for the crime. The evidence supports the court's sentence. Poitra did not qualify for a deviation from the mandatory minimum sentence. Poitra's sentence is not illegal.

### VI

[¶ 44] We affirm the criminal judgment.

[¶ 45] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.