2015 ND 173

**STATE of North Dakota, Plaintiff
and Appellee**

v.

**Jose M. MARTINEZ, Defendant
and Appellant.**

**No. 20140260.**

Supreme Court of North Dakota.

July 1, 2015.

Barbara L. Whelan, State's Attorney, Grafton, N.D., for plaintiff and appellee.

Clint D. Morgenstern, Grand Forks, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Jose Martinez appeals from a criminal judgment entered after a jury found him guilty of gross sexual imposition. We conclude the district court's failure to include information in the jury instructions identifying the underlying act for each count of gross sexual imposition or to instruct the jury that it had to unanimously agree on the underlying act for each count was obvious error. We reverse the judgment and remand for a new trial.

I

[¶ 2] In April 2013, Martinez was charged with three counts of gross sexual imposition in violation of N.D.C.C. § 12.1–20–03(1)(d). All three counts involved the same victim, C.C., who was approximately eight years old when the offenses were allegedly committed. The State alleged similar sexual acts occurred for each of the three counts, but alleged count one occurred on a sofa or futon in Martinez's living room, count two occurred on a bunk bed in a bedroom at Martinez's residence, and count three occurred in Martinez's bedroom.

[¶ 3] Martinez moved for a bill of particulars, arguing he was unable to adequately prepare for trial. He claimed the complaint only states C.C. was eight years old at the time the offenses were allegedly committed and the State needed to advise him of the specific time and date so he could prepare a defense. The district court denied Martinez's motion. The court ruled that time is not a element of the offense and that an alibi defense likely is not viable when the defendant has continuous access to the child.

[¶ 4] Martinez requested interpretive services, claiming he might not understand some of the language used during the court proceedings. The court denied his request. The court noted Martinez's attorney said he was able to effectively communicate with Martinez and Martinez indicated he understood matters explained to

him in prior proceedings. The court advised Martinez to inform his attorney and the court if he had difficulty comprehending the proceedings, and the court stated the issue could be revisited upon additional evidence supporting the request.

[¶ 5] A jury trial was held. C.C. testified Martinez's wife often babysat her at the Martinez residence when she was eight or nine years old, and she occasionally was left alone with Martinez. She testified Martinez touched her on her breasts and vaginal area over and under her clothing, he penetrated her mouth and vagina with his penis on the futon in the living room, he penetrated her vagina with his penis on bunk beds in a bedroom and he penetrated her mouth and vagina with his penis in his bedroom. She testified she did not want to go to Martinez's house after the last incident, she would cry and her parents allowed her to stay home with an older sibling. Martinez testified and denied C.C.'s allegations.

[¶ 6] At the close of the State's case, Martinez moved for judgment of acquittal arguing evidence was insufficient to convict him. The court denied his motion. Before the case went to the jury, the court and the parties discussed the jury instructions. Martinez requested the complaint be attached to the jury instructions or the information from the complaint be used in the instructions on the essential elements of the offense to distinguish between the three counts and identify which incident corresponded to each count. The court denied his request. The jury found Martinez was guilty of one count of gross sexual imposition, but was unable to reach a verdict on the two remaining counts.

## II

[¶ 7] Martinez argues the district court did not properly instruct the jury and violated his due process rights. He contends

three separate and distinct offenses were alleged, but the jury instructions did not identify which incident corresponded to each count and only required the jury to decide whether he was guilty of each count separate and apart from the other two counts. He claims it is impossible to identify which of the three alleged offenses the jury found he was guilty of committing.

[¶ 8] "Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury." *State v. Pavlicek*, 2012 ND 154, ¶ 14, 819 N.W.2d 521 (quoting *Rittenour v. Gibson*, 2003 ND 14, ¶ 15, 656 N.W.2d 691). We view the instructions as a whole to determine if they correctly and adequately inform the jury. *Pavlicek*, at ¶ 14. "A court errs if it refuses to instruct the jury on an issue that has been adequately raised, but the court may refuse to give an instruction that is irrelevant or inapplicable." *Id.* (quoting *State v. Zottnick*, 2011 ND 84, ¶ 6, 796 N.W.2d 666).

[¶ 9] The court is responsible for correctly instructing the jury on the law, but the prosecution and defense also have a responsibility to request and object to specific instructions. *State v. Erickstad*, 2000 ND 202, ¶ 17, 620 N.W.2d 136. A party's requested jury instructions must be submitted in writing. N.D.R.Crim.P. 30(a); *see also State v. Miller*, 466 N.W.2d 128, 133 (N.D.1991) (the defendant must request a specific instruction in writing if he desires a more comprehensive instruction than what the court indicated it will give). Under N.D.R.Crim.P. 30(c), "a party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." When a party fails to properly request a jury instruction in writing under N.D.R.Crim.P. 30(a), the issue is not ade-

quately preserved for review on appeal and our inquiry is limited under N.D.R.Crim.P. 52(b) to whether the jury instructions constitute plain or obvious error. N.D.R.Crim.P. 30(d); *Erickstad*, at ¶ 18. An obvious error is an error or defect that is obvious and affects substantial rights. N.D.R.Crim.P. 52(b); *State v. Mathre*, 1999 ND 224, ¶ 5, 603 N.W.2d 173. "We exercise our power to notice obvious error cautiously and only in exceptional circumstances where the accused has suffered serious injustice." *Mathre*, at ¶ 5 (quoting *State v. Olander*, 1998 ND 50, ¶ 12, 575 N.W.2d 658).

[¶ 10] At the February 18, 2014, pretrial hearing, the district court asked the parties for comments or concerns about distinguishing between the three alleged offenses in the jury instructions. Martinez stated that some distinguishing language should be added and that the language might only need to make clear that the jury would have to find separate and distinct instances. Martinez's attorney advised the court that he could draft some language to address the issue, but nothing was submitted.

[¶ 11] During the trial, the court gave the parties an opportunity to object to the court's proposed jury instructions and to propose additional instructions. Martinez requested that the court give the jury a copy of the complaint or that the language used in the complaint for each count be included in the essential element instructions. Martinez explained that he wanted to make sure the jury knew what was alleged for each count so no confusion would exist. The State objected to Martinez's request and the court ruled a pleading document would not be included with the jury instructions. The court explained that the specific location or the specific room where the acts allegedly occurred was not an essential element, the court

was only required to instruct the jury on the essential elements, the jury must find that separate acts occurred and the pleading document would not be attached to the jury instructions. Martinez did not object to the verdict forms or request any language distinguishing between the three alleged incidents.

[¶ 12] Because Martinez did not submit a proposed instruction in writing, the issue was not adequately preserved for appeal and our review is limited to determining whether the jury instructions constitute obvious error. *See Erickstad*, 2000 ND 202, ¶ 18, 620 N.W.2d 136.

[¶ 13] The jury instructions informed the jury about the charges against Martinez, and explained:

"The Complaint and Information charges the defendant, Jose M. Martinez, with having committed the offense under the following allegations:

That on three separate occasions in Walsh County, North Dakota, while the other person was approximately 8 years of age, the defendant willfully engaged in a sexual act with that person Jane Doe; and at the time of the alleged offenses Jane Doe was less than fifteen (15) years of age."

The court advised the jurors:

"Each of the three counts in the complaint charges a distinct offense of Gross Sexual Imposition. You must decide each offense charged separately. The defendant may be found guilty or not guilty on any or all of the offenses charged. Your findings as to each offense must be stated in a separate verdict."

The court instructed the jury on the essential elements for each count. The instruction for count one provided:

"For the charge under Count One, the State's burden of proof is satisfied only

if the evidence shows, beyond a reasonable doubt, the following essential elements:

1. The defendant, Jose M. Martinez,
2. During a time period from approximately mid–2005 to mid–2006 in Walsh County, North Dakota, willfully engaged in a sexual act with Jane Doe, and
3. Jane Doe was less than fifteen (15) years old at the time."

The instruction for count two provided:

"For the charge under Count Two, the State's burden of proof is satisfied only if the evidence shows, beyond a reasonable doubt, the following essential elements:

1. The defendant, Jose M. Martinez,
2. During a time period from approximately mid–2005 to mid–2006 in Walsh County, North Dakota, willfully engaged in a second and separate sexual act with Jane Doe, separate and apart from Count One; and
3. Jane Doe was less than fifteen (15) years old at the time."

The instruction for count three provided:

"For the charge under Count Three, the State's burden of proof is satisfied only if the evidence shows, beyond a reasonable doubt, the following essential elements:

1. The defendant, Jose M. Martinez,
2. During a time period from approximately mid–2005 to mid–2006 in Walsh County, North Dakota, willfully engaged in a third and separate sexual act with Jane Doe, separate and apart from Count One and Count Two; and
3. Jane Doe was less than fifteen (15) years old at the time."

The court included instructions defining "sexual act" and "sexual contact." The court instructed the jury that its verdict must be unanimous. The jury received guilty and not guilty verdict forms for each count. No information existed on the verdict forms identifying the underlying act for each count. The jury was not given a copy of the complaint.

■ [¶ 14] "No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt." N.D.C.C. § 12.1–01–03(1); *see also State v. Barth*, 2005 ND 134, ¶ 7, 702 N.W.2d 1. When the defendant is charged with multiple counts of the same offense, the State has the burden to prove the defendant committed each offense. *See* N.D.C.C. § 12.1–01–03(1); *see also State v. Anderson*, 2003 ND 30, ¶ 10, 657 N.W.2d 245; *State v. Vance*, 537 N.W.2d 545, 550 (N.D.1995).

■ [¶ 15] A person is guilty of gross sexual imposition under N.D.C.C. § 12.1–20.03(1)(d) if the person engages in a sexual act with another, or causes another to engage in a sexual act, when the victim is less than fifteen years old. Unlike the offense of continuous sexual abuse of a child under N.D.C.C. § 12.1–20–03.1, which only requires the jury unanimously agree three sexual acts occurred and does not require the jury to unanimously agree on which three acts, the jury here must unanimously agree which sexual act or acts the defendant engaged in to find him guilty of gross sexual imposition. *See State v. Flanagan*, 2004 ND 112, ¶ 10, 680 N.W.2d 241 (jury must unanimously agree on each element of gross sexual imposition).

[¶ 16] In this case, the State charged Martinez with three counts of gross sexual imposition based on three separate and distinct incidents. Martinez requested the court provide the jury with a copy of the complaint, which included factual allegations distinguishing between the three

counts, or include information in the jury instructions which would allow the jury to identify which specific offense was alleged for each count. The court denied his request.

[¶ 17] Although the district court instructed the jury that there were three distinct offenses charged and that they must decide each offense separately, the instructions and the verdict forms provided no way to differentiate or distinguish between the counts. The complaint included underlying facts and the specific acts allegedly committed for each count. Section 29–21–01(1), N.D.C.C., requires the clerk or state's attorney to read the complaint to the jury. At the start of the trial, the court informed the jury the complaint and information charged Martinez with three counts of gross sexual imposition based on allegations that on three separate occasions he willfully engaged in a sexual act with a person who was approximately eight years old at the time of the alleged offenses. The complaint was not read to the jury and a copy of the complaint was not given to the jury with the jury instructions. The jury was not provided by the district court with any further information identifying the allegations related to each count.

[¶ 18] Jury instructions must correctly and adequately inform the jury of the law and must not mislead or confuse the jury. *Pavlicek*, 2012 ND 154, ¶ 14, 819 N.W.2d 521. When the defendant is charged with multiple counts of the same offense, a lack of specificity in the jury instructions and the failure to include any distinguishing information about the allegations for each count misstates the law and may cause potential unanimity problems. *See Harp v. Commonwealth*, 266 S.W.3d 813, 819 (Ky.2008). All verdicts in criminal cases must be unanimous. N.D. Const. art. I, § 13; N.D.R.Crim.P. 31(a).

When the jury instructions and verdict forms do not include information identifying the underlying acts for each count and distinguishing between the counts and the instructions do not inform the jury that it must unanimously agree on the specific act that formed the basis for each count, the jurors may follow the instructions and unanimously agree that the offense was committed but individually choose different underlying acts to determine guilt. *See State v. Marcum*, 166 Wis.2d 908, 480 N.W.2d 545, 551–53 (App.1992) (if identical verdict forms are permitted for crimes identically charged and only a general unanimity instruction is given, the door is left open to the possibility of a fragmented or patchwork verdict with different jurors basing the decision to find the defendant guilty of one count on certain acts and other jurors using those same acts to find the defendant not guilty on other counts); *see also People v. Cardamone*, 381 Ill. App.3d 462, 319 Ill.Dec. 479, 885 N.E.2d 1159, 1188 (2008); *State v. Celis–Garcia*, 344 S.W.3d 150, 156 (Mo.2011).

[¶ 19] Courts in other states have considered similar arguments about jury instructions in sexual abuse cases and have held that the failure to properly instruct the jury violates the defendant's constitutional right to a unanimous verdict or due process rights. *See, e.g., R.A.S. v. State*, 718 So.2d 117, 122 (Ala.1998) (applying "either/or" rule, requiring the state elect an act for each count or the jury be instructed that they must all agree which specific act was committed, to protect the defendant's right to a unanimous verdict); *Jackson v. State*, 342 P.3d 1254, 1257 (Alaska Ct.App.2014) (applying either/or rule, and holding the failure to properly instruct the jury is a constitutional violation); *State v. Arceo*, 84 Hawai'i 1, 928 P.2d 843, 874–75 (1996) (failure to properly instruct the jury violated the defendant's

constitutional right to a unanimous verdict); *Baker v. State,* 948 N.E.2d 1169, 1177–79 (Ind.2011) (applying either/or rule); *Celis–Garcia,* 344 S.W.3d at 158 (defendant's constitutional right to unanimous verdict violated, court did not instruct the jury it must unanimously agree on at least one underlying act); *State v. Weaver,* 1998 MT 167, ¶¶ 26, 38, 290 Mont. 58, 964 P.2d 713 (right to a unanimous verdict is a fundamental right and the failure to instruct the jury that it had to reach a unanimous verdict as to at least one specific underlying act for each count was reversible error); *State v. Brende,* 2013 S.D. 56, ¶ 13, 835 N.W.2d 131 (due process right to jury unanimity requires the jury to be in agreement as to the single occurrence, or multiple occurrences underlying each count); *Marcum,* 480 N.W.2d at 553 (lack of specificity in the jury instructions violated the defendant's constitutional due process rights and right to a unanimous verdict).

[¶ 20] Martinez was charged with three counts of gross sexual imposition based on allegations about three separate and distinct acts. Evidence indicated the first instance occurred on the futon in the living room of Martinez's residence, the second instance occurred on a bunk bed in a bedroom at the residence and the third instance occurred in Martinez's bedroom. The jury instructions did not identify the underlying act alleged and factually differentiate the counts. The court did not instruct the jury that it must unanimously agree which act occurred for each count. The jury only was instructed they had to unanimously agree about Martinez's guilt or innocence and that the sexual act for count two was separate from count one and the sexual act for count three was separate from counts one and two. But the jury was not told they had to unanimously agree on the underlying act for each count.

[¶ 21] Under these circumstances, the jury could follow all of the court's instructions and unanimously agree Martinez was guilty, but disagree on the specific act or acts Martinez committed. For example, five jurors may have found the alleged acts in the living room occurred, five jurors may have found the alleged acts in Martinez's bedroom occurred, and two jurors may have found the alleged acts on the bunk bed occurred. The jurors could unanimously agree Martinez was guilty, but not agree on the underlying act. The instructions failed to require that the jury unanimously find Martinez committed the same offense. We conclude the instructions did not properly inform the jury of the law.

[¶ 22] Because Martinez failed to properly preserve the issue, we must determine whether the error adversely affected his substantial rights. *See* N.D.R.Crim.P. 52(b). The court's failure to properly instruct the jury prejudiced Martinez. C.C. testified about the three separate offenses and Martinez denied C.C.'s allegations and denied that anything sexual ever happened. Other courts have held that when the only issue is victim credibility, the failure to properly instruct the jury did not prejudice the defendant because, given the nature of the defense, the jury was left to determine whether the victim was telling the truth or was lying about everything and a unanimity instruction would not make a difference in the jury's verdict. *See, e.g., Baker,* 948 N.E.2d at 1179; *State v. Hill,* 28 Kan.App.2d 28, 11 P.3d 506, 512 (2000). However, here the jury found Martinez was guilty of one count but could not reach a verdict on two remaining counts. It is not clear that the jury unanimously agreed on the underlying act and the same offense. *Cf. Mar-*

*cum,* 480 N.W.2d at 553–54 (defendant was prejudiced by not knowing what act he was convicted of and the possibility his guilt was found based on facts that were part of an act the jury also found him not guilty). The failure to correct the obvious error in this case seriously affects the fairness, integrity, and public reputation of criminal jury trials. *Cf. State v. Olander,* 1998 ND 50, ¶¶ 27–28, 575 N.W.2d 658 (failure to instruct on an essential element was obvious error, proper instructions on the elements of the offense implicate fundamental due process).

[¶ 23] Under the facts and circumstances of this case, we conclude the district court's failure to properly instruct the jury adversely affected Martinez's substantial rights and was obvious error. Martinez is entitled to a new trial with appropriate instructions identifying the underlying act and factually distinguishing between the counts or instructing the jury to unanimously agree on the act for each offense. We therefore reverse Martinez's conviction and remand for a new trial on all three counts.

### III

[¶ 24] Because we remand for a new trial, we also address the remaining issues Martinez raised that are likely to arise on remand. Martinez argues the district court erred in denying his request for interpretive services.

[¶ 25] Rule 28, N.D.R.Crim.P., states, "If a person with limited English proficiency or a deaf person is involved in a proceeding as a defendant ... the court must provide an interpreter." The Rule's explanatory note states, "Rule 28 permits the court to appoint interpreters in appropriate circumstances. The purpose of the rule is to assist non-English-speaking or deaf defendants ... in understanding the

proceedings or in communicating with assigned counsel."

[¶ 26] The district court denied Martinez's request for an interpreter after finding he understood matters explained to him in past proceedings and he was able to articulate his responses in English. The court advised Martinez that he should inform the court if he has difficulty comprehending the legal terms and concepts, the terms or phrases could be rephrased in a more understandable manner and the issue could be revisited upon additional evidence supporting the request. Martinez did not make another request for an interpreter, a family member was allowed to assist him during the trial and the court found Martinez is fluent in English. We conclude the court did not err in denying Martinez's request.

### IV

[¶ 27] Martinez argues the district court erred in denying his motion for a bill of particulars. He claims this case is different from other sexual abuse cases because he was not charged with continuous sexual abuse, the allegations were specific, there was evidence that limited the time span during which the alleged offenses occurred and he would have benefitted from a more detailed charge in order to prepare for trial.

[¶ 28] A motion for a bill of particulars should be granted if "the court finds it necessary to protect the defendant against a second prosecution for the same offense or to enable the defendant to adequately prepare for trial." N.D.R.Crim.P. 7(f); *State v. Goetz,* 312 N.W.2d 1, 7 (N.D. 1981). Time is not an element of the offense of gross sexual imposition. *Vance,* 537 N.W.2d at 549. We have said the victim must describe the kind of act or acts committed with sufficient specificity, the number of acts committed with sufficient

certainty to support each count and the general time period. *Id.* at 549–50.

[¶ 29] The complaint alleged the specific acts committed, that the child was approximately 8 years old at the time of the offenses and that the alleged offenses occurred in different locations in Martinez's residence. After Martinez moved for a bill of particulars, the State informed him the incidents allegedly occurred when he and his wife babysat the victim. The district court did not abuse its discretion in denying Martinez's motion for a bill of particulars.

V

[¶ 30] Martinez argues the district court erred in ruling testimony about C.C.'s lack of sexual activity was precluded under N.D.R.Ev. 412. Martinez claims he sought to introduce evidence showing C.C. admitted she had not engaged in prior sexual acts after a counselor testified that C.C. reported a lack of prior sexual activity. He contends N.D.R.Ev. 412 did not apply because it was evidence showing a lack of sexual activity.

[¶ 31] A district court has broad discretion in deciding evidentiary matters, and its decision will not be reversed on appeal unless the court abused its discretion. *State v. Poitra*, 2010 ND 137, ¶ 34, 785 N.W.2d 225. " 'A . . . court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process' leading to a reasoned determination." *Id.* (quoting *State v. Kautzman*, 2007 ND 133, ¶ 25, 738 N.W.2d 1).

[¶ 32] Evidence that a victim engaged in other sexual behavior or evidence offered to prove a victim's sexual predisposition is not admissible in a criminal proceeding involving alleged sexual misconduct. N.D.R.Ev. 412(a). The following types of evidence is admissible: (1) evidence of specific instances of the alleged victim's sexual behavior offered to prove that a person other than the accused was the source of injury or other physical evidence, (2) evidence of specific instances of the alleged victim's sexual behavior with the accused offered to prove consent, and (3) evidence that would violate the accused's constitutional rights if excluded. N.D.R.Ev. 412(b). If a party intends to offer evidence under N.D.R.Ev. 412(b), the party must file a written motion at least 14 days before trial describing the evidence and stating the purpose for which it is offered unless the court permits filing during the trial. N.D.R.Ev. 412(c)(1).

[¶ 33] The State and Martinez both questioned the counselor about C.C.'s statements about her sexual history, including that she reported she was still a virgin when she engaged in a sexual relationship with a juvenile boyfriend. After the counselor testified, the court advised the parties that they would need to address N.D.R.Ev. 412 if there was further testimony about the victim's sexual activity with the juvenile boyfriend. Martinez's attorney advised the court he wanted to question C.C. about her statement to the counselor that she was a virgin when she engaged in sexual activity with her boyfriend because her statement conflicts with what she alleged happened seven years before with Martinez. The court noted no notice was given under N.D.R.Ev. 412 seeking to allow evidence regarding the victim's sexual behavior, but the court also said allowing the testimony would require the counselor and C.C. to testify about their understanding of "virginity," it would take some time to deal with the issue, and the court said "weighing Rule 412 against the probative value of what might otherwise be an exception under item three, it is not sufficient to allow that kind of inqui-

ry...." The court explained it believed that the testimony would move into the area of sexual activity if Martinez was allowed to ask C.C. about what she believed was the lack of specific sexual activity. We conclude the court did not act unreasonably or arbitrarily and did not abuse its discretion.

## VI

[¶ 34] We reverse the judgment and remand for a new trial.

[¶ 35] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

McEVERS, Justice, concurring in the result.

[¶ 36] I concur in the result. I agree that the district court must adequately inform the jury, and the failure to include any distinguishing information in the jury instructions on the separate counts to the jury instructions did not adequately inform the jury. While, ultimately, it is the district court's responsibility to instruct the jury, the prosecutor and the defense attorney did little to be helpful to the district court. The defense attorney failed to provide any proposed jury instructions as allowed by N.D.R.Crim.P. 30(a)(1) and, ultimately, agreed with the instructions given by the court and thereby invited the error. The prosecutor objected to attaching the charging document as requested by the defense, but failed to offer any proposed instruction to address the issue of distinguishing between the counts alleged. Had the prosecutor even read the charging document, as required by N.D.C.C. § 29–21–.01(1), the jury could have distinguished between the separate counts alleged and my position might have been different. While still error by the court, this perhaps

would not be plain error requiring reversal.

[¶ 37] LISA FAIR McEVERS